Campbell v. Fuller.

## H. S. Campbell v. Ira C. Fuller.

1. Commission for Sale of Land; *Custom; No Error.* Where a real-estate broker and land agent at Paola, Kansas, sued the original owner and vendor of certain land for a commission on the price of the land sold, and the evidence tended to show that the agent was to sell the land for $4,500 clear of commission, and also that he sold the land for just $4,500, and during the trial the defendant was permitted to ask a witness who was competent to testify with regard to the matter, the following question: "When land is offered for sale clear of commission at a certain price, what is the custom at Paola?" and the witness answered as follows: "The custom is for the purchaser to pay the commission added to that price," *held*, not error.

2. Instructions, *Mode of Modifying.* Generally a trial court would commit error as against a party asking instructions, if it should modify them by interlineation or otherwise, so that the modification might not readily be distinguished from the instructions as originally asked for; but where the court modifies instructions by interlineation, and the party asking them does not complain, and it is not shown what the interlineation was, *held*, that the supreme court cannot say that any error was committed.

3. ———— Other matters discussed in the opinion.

### *Error from Miami District Court.*

Action brought by *Campbell* against *Fuller*, to recover $225 claimed as a commission for selling certain land for the defendant. Trial at the February Term, 1880, of the district court, and judgment for the defendant. The plaintiff brings the case here. The opinion states the facts.

*Beeson & Baker*, for plaintiff in error.

*J. A. Hoag*, for defendant in error.

The opinion of the court was delivered by

Valentine, J.: This was an action brought by H. S. Campbell against Ira C. Fuller, to recover $225, claimed as a commission for selling certain land for the defendant to a third person. The plaintiff claims, and testified on the trial of the case, that the defendant first authorized him by an ex-

press parol contract to sell the land for $6,000, and that afterward the defendant authorized him to sell the land for a less sum, by the following letters and telegraphic dispatches. The defendant claims, and testified on the trial, that he never gave to the plaintiff any authority to sell the land, except as he gave it to him by the following letters and telegraphic dispatches. Said letters and telegraphic dispatches read as follows:

OFFICE OF H. S. CAMPBELL, REAL-ESTATE BROKER AND AGENT, }
PAOLA, KANSAS, NOV. 7, 1879. }

*Ira C. Fuller, Esq., Brookville, Pa.*—DEAR SIR: I have an offer of four thousand five hundred ($4,500) dollars *cash* for your 160-acre farm near town. The party is here, and will await your reply. Please answer by return mail, as I cannot hold the offer long. I am satisfied, as I have no doubt you are, that you can use the money much more profitably than as now invested.

Yours truly,    H. S. CAMPBELL.

BROOKVILLE, PA., 11—10, 1879.
*To H. S. Campbell, Real-Estate Agent, Paola, Miami County, Kansas:* Will take five thousand clear. Answer to-day.

I. C. FULLER.

PAOLA, KANSAS, 11—11, 1879.
*To Ira C. Fuller, Brookville, Pa.:* Forty-five hundred is all I can get. Shall I sell? Answer.

H. S. CAMPBELL.

BROOKVILLE, PA., 11—12, 1879.
*To H. S. Campbell, Paola, Miami County, Kansas:* Accepted; deed mailed to Chandler; no commissions; all crops reserved.    I. C. FULLER.

PAOLA, KANSAS, NOV. 14, 1879.
*To H. S. Campbell, Esq., Paola, Kansas*—DEAR SIR: We have just received a deed from Ira C. Fuller and wife, to be completed and delivered to you or the person you may designate, upon the receipt of $4,500, cash.

Yours truly,    J. F. CHANDLER & BRO.

OFFICE OF H. S. CAMPBELL, REAL-ESTATE BROKER AND AGENT, }
PAOLA, KANSAS, NOV. 25, 1879. }

*Messrs. J. F. Chandler & Bro.*—GENTLEMEN: Your postal card of the 14th inst., referring to sale of Fuller's land, was received, and would have been answered sooner had I been

able to attend to it.   I told the Rev. McClung to name the person to you, so you could complete and deliver deed.   When Mr. Fuller was here on several of his trips, he personally requested me to sell this farm.   I have made several efforts to do so, and finally succeeded.   The attempt on Ira's part to evade the payment of my service by sending the deed to you, is so exceedingly thin that I do not think it will hold water in the courts of Kansas.

I make this explanation on your account, and not by any means for Ira's comfort or satisfaction.

Yours truly,          H. S. CAMPBELL.

These letters and dispatches will probably explain themselves; but we think it proper to add that H. S. Campbell, the plaintiff, was a real-estate broker and land agent at Paola, Kansas; that the defendant, Ira C. Fuller, resided at Brookville, Pennsylvania, and owned the land mentioned in said letters and dispatches, which land was situated within about two miles of Paola.   J. F. Chandler & Bro. were also real-estate brokers and land agents at Paola, Kansas, and they had acted as the agents for the defendant Fuller for several years.   Fuller, as above indicated, executed a deed for the land to a blank grantee, and sent the deed to Chandler & Bro., who immediately notified the plaintiff, and the plaintiff authorized the Rev. J. N. McClung to designate the grantee. McClung at first designated J. B. Norton as the grantee, but afterward, James A. Hopkins desiring to purchase the land, paid Norton $200, and all parties agreed that Hopkins should be the grantee, and the deed was filled up accordingly, with his name as grantee, and Hopkins paid the sum of $4,500 to Chandler & Bro., who paid this amount to the defendant.   The plaintiff, Campbell, has never received anything for his services.   The judgment of the court below was in favor of the defendant, and against the plaintiff; and the plaintiff now, as plaintiff in error, claims that the court below committed errors as follows:

1: The plaintiff claims that the court below committed error in permitting the defendant, on cross-examination, to ask the witness J. N. McClung the following question, to

wit: "How much did Mr. Hopkins pay to Norton for the land?" The witness answered as follows: "Mr. Hopkins paid $4,700 to Norton; or rather, paid Norton $200 for his place."

Considering what had preceded in the direct examination of Mr. McClung, we think this question was competent on the cross-examination; but even if not, we do not think that it could have prejudiced the substantial rights of the plaintiff. There was no pretense that the plaintiff ever received anything for his services.

2. The plaintiff also claims that the court below erred in permitting the defendant's counsel to ask the defendant the following question: "Has Mr. Campbell at any other time ever sold any other property for you?" This question was not answered, and of course the plaintiff's substantial rights could not have been prejudiced.

3. The plaintiff also claims that the court below erred in permitting the defendant to ask the witness Chandler the following question: "When land is offered for sale clear of commission at a certain price, what is the custom at Paola?" The witness answered as follows: "The custom is for the purchaser to pay the commission added to that price." We think this was competent evidence under the circumstances of this case. It really was, that under such circumstances the vendor of the land was not to pay the commission, but that the purchaser, if any person, was. The plaintiff himself was a real-estate broker and land agent, buying and selling land on commission, at Paola, and whatever the custom was, he knew it, and in the absence of any special contract varying the custom, he would be bound by it. There is no claim that the witness Chandler was not a competent witness to testify as to what the custom was. The only claim is, that it was not competent to show this custom by any witness or by any evidence. If no custom, however, had been shown, the rule of law, so far as the defendant's rights are concerned, would be precisely the same as the witness testified that the custom was; and hence even if this evidence was not competent, still it

could not have prejudiced the substantial rights of the plaintiff.

4. The plaintiff also claims that the court below erred by modifying by interlineation certain instructions asked to be given to the jury by the defendant. It is not claimed that the instructions as given to the jury were not good law, or that they were not applicable to the case. The only claim is, that the court erred by modifying them by interlineation. We would think that the better-practice would be not to modify instructions by interlineation, but to write the modification out in full, leaving the instructions as originally asked for by the party asking them, and showing precisely what the modification was. But this is a matter that rests in many cases very largely in the discretion of the trial court. The modification may be only the change of a word; and in this very case it is not shown that the modification was anything more than the mere change of a word. Besides, in this case it was the defendant's instructions that were modified, and not the plaintiff's, and the defendant is not complaining. Evidently the defendant had the right to adopt the instructions as modified and given by the court as his own instructions. Generally we would think that a trial court would commit error as against the party asking the instructions if it should modify them by interlineation, or otherwise, so that the modification might not readily be distinguished from the instructions as originally asked for. In this case, however, we think no material error was committed.

5. The court below gave the following, among other instructions, to the jury:

"The plaintiff brings this suit to recover for services in selling defendant's land. Two questions arise: first, did defendant employ plaintiff as agent to sell the land? second, on what terms did defendant employ him, and on what terms of sale? In order to find for the plaintiff, you must find from the evidence that defendant employed him to sell the land, and that there was an express contract to pay plaintiff for his services, or such a contract therefor as the law would imply from all the circumstances attending the transaction. In

order to constitute such implied contract, there must have been a mutual understanding between plaintiff and defendant that plaintiff was to have a commission for sale, or a sale by the plaintiff by the knowledge and consent of defendant, without an express statement that he, the defendant, would not be liable for the services of the plaintiff."

The plaintiff claims that the court below committed material error in giving the foregoing instruction. We, however, perceive no material error therein. Under it the plaintiff had a right to recover if he proved that the defendant expressly employed him to sell the land. He also had a right to recover under it if the circumstances of the case would imply a contract or an authority to sell the land, unless there was "an express statement that he, the defendant, would not be liable for the services of the plaintiff." The language of the court, omitting what is immaterial to this point, is as follows: "In order to constitute such implied contract, there must have been . . . a sale by the plaintiff, by the knowledge and consent of the defendant, without an express statement that he, the defendant, would not be liable for the services of the plaintiff." We think that the plaintiff can really have no reason to complain of this instruction.

We have now considered all the rulings of the court below of which the plaintiff complains, and we do not perceive any material error. The plaintiff's case seems to come within the scope of the principles decided in the case of *Atwater v. Lockwood*, 39 Conn. 45.

The judgment of the court below will be affirmed.

All the Justices concurring.