JACOB BISHOP V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 14,475.    (84 Pac. 718.)

RAILROADS—*Injury by Fire.* In an action for damages resulting from a fire started by defendant's engine, judgment for defendant affirmed.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed February 10, 1906. Affirmed.

*T. W. Moseley,* for plaintiff in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

*Per Curiam:* In this case a separate discussion of each of the twenty-seven errors assigned would extend the opinion of the court to an insufferable length, and it would then be of no assistance to the profession generally.

The chief ground of complaint is that the court gave undue prominence to certain statements made in connection with the defendant's charge that the plaintiff was guilty of contributory negligence. When these statements were first called to the attention of the court in the amended answer there was nothing about them to indicate that they might be prejudicial, and so far as the court could tell they might become material on the trial. Hence there was no error in allowing the amended answer to be filed or in refusing to strike out the matter of which complaint is made.

When the instructions were given the court did not, as the plaintiff urges, impose the matters referred to upon the jury as ingredients of negligence. The weight to be given to every item of evidence in the case was left to the jury. The jury were plainly told that the plaintiff had the right to use his premises for all lawful purposes, including those for which they were adapted, and the test of his conduct under every phase of the case was stated to be that which an ordinarily prudent man would have exhibited under the circumstances. This being true, assignments of error numbered 1, 2, 3, 11, 12, 13, 14 and 16 fail.

The nature of the defendant's duty under the circumstances of the case was fully and accurately explained, and the evidence was such that this court is unable to discover in what manner the jury would have been aided by reading to them the theoretical proposition of law stricken from instruction No. 8. The modification of the instruction is readily distinguishable (*Campbell v. Fuller,* 25 Kan. 723), and the plaintiff has lost nothing by reason of the court's conduct respecting it. The plaintiff presents conflicting theories in reference to this subject, but none of them is valid, and assignments of error numbered 6, 7, 8, 9 and 10 are not well taken.

Instructions numbered 14 and 18 correctly state the law, and the jury may have believed from all the evidence that the plaintiff did not exercise due care notwithstanding his negotiations with the defendant respecting the plowing of fire-guards. It was not erroneous for the court to refuse the plaintiff's oral request for instructions. Instruction No. 25 was properly given, and as it appears in the record is duly identified. This disposes of all the remaining assignments of error except those which are formal, and those numbered 4 and 5, which do not comply with rule 10 of this court.

The judgment of the district court is affirmed.