LLOYD G. CONAWAY, *et al.*, v. JOHN M. L. GORE.

1. REFORMATION OF A DEED; *Superior Equity*. In all cases where a party asks for the reformation of a deed, the party seeking the relief must stand upon some equity superior to that of the party against whom he asks it.

2. ——— *Equitable Relief; Condition.* Where a deed in question, as executed, does not convey the land intended, and a reformation of the instrument is sought, it is imperative on the party asking the legal title to fully perform on his part all the acts required to be done by him under the contract of purchase, before he can obtain equitable relief. "He who seeks equity must do equity."

*Error from Rice District Court.*

THIS was an action brought on March 18th, 1878, by the defendant in error against the plaintiffs in error, for the reformation of a deed executed May 24th, 1877, by *Conaway* and wife to said *Gore.* By a mutual mistake of all the parties, the land was described in the deed so made as the south-west quarter, etc., instead of the southeast quarter, etc. To this action the plaintiffs in error answered jointly, and alleged in substance that on or about the 23d day of May, 1877, the parties to the deed entered into an oral agreement with each other by which *Conaway* and wife promised to convey to *Gore* the said southeast quarter, etc., for the consideration of $800, to be paid as follows: $55 in thirty days from the time of the oral agreement; simultaneously with the execution and delivery of said deed, *Gore* was to surrender up to *L. G. Conaway* a note of $345, executed about December, 1876, by said *Conaway* to *Gore* for borrowed money, and as *Gore* had signed, as surety for said *Conaway,* a note of $200 to one Robert Ludwick, dated February 27th, 1877, and due on September 1st, 1877, he was to retain $200 out of the purchase money to pay the same, and the balance of the purchase money, some $195, was to be paid on or before December 25th, 1878. That, relying on the agreements and promises of *Gore,* the deed of May 24th, 1877, was executed, and unintentionally the south*west,* etc., was inserted in place of the south*east,* etc.; that *Gore* refused to pay the consideration agreed upon, and has never paid any part of it; that he has never surrendered the note of $345, nor paid and canceled the note of $200, but claims to have purchased the latter note, and has been seeking to enforce its collection; that he has avowed his determination never to pay but $345 for the land; that the premises are the homestead of *Conaway* and wife, and have been occupied by them as their homestead since January, 1877; that possession of the premises had never been surrendered to *Gore* by either of the plaintiffs in error; that *Gore,* on April 18th, 1878, unlawfully and with-

out process of law, forcibly entered upon the land, and with force ousted the owners from the premises, and has since forcibly detained the same in his possession. After the filing of this answer, the defendant in error made a motion for judgment in his favor on the pleadings, for the alleged reason that the answer failed to show any grounds of defense. This motion was sustained, and judgment given for the execution of a new deed, conveying the southeast quarter, etc., as prayed for in the petition of *Gore.* To this ruling and judgment the plaintiffs in error excepted, and bring the case here on error.

*J. M. Muscott, W. J. Fuller,* and *Brown & Gillett,* for plaintiffs in error.

*J. W. White,* and *Ansel R. Clark,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The reformation of deeds is one of the most familiar doctrines pertaining to equity jurisprudence; but in all cases of relief of this character the party asking it must stand upon some equity superior to that of the party against whom he asks redress. If the equities are equal, a court of equity is silent and passive. If the party asking equity fails to do equity, he must be dismissed without relief. The statement of this cardinal principle, which underlies the whole system of equity jurisprudence, clearly shows that the ruling of the district court was in direct conflict therewith, and ought not to stand. Plaintiff in that court admitted that he had promised to pay $800 for the purchase price of the land; that the time for all the payments but one had expired long before the commencement of this suit; that he had not paid any of the purchase money, and avowed his determination never to pay more than $345; that he had forcibly seized the premises, and ousted without legal process the defendants. This conduct is without excuse. Instead of deserving the assistance of a court of equity, he ought to have been denied its interposition as one coming before it

with unclean hands.  So long as the answer of the defendants in that court remained unchallenged, Gore was in no condition to ask the active interference of the court in his behalf.  When relief was granted him, it was in utter disregard of the maxim that "he who seeks equity must do equity."  In the present condition of the case, it is unnecessary to discuss the other questions presented.

The judgment of the district court will therefore be reversed.

All the Justices concurring.