## L. G. CONAWAY, *et al.*, v. J. M. L. GORE.

1. DEFECTIVE PETITION, *How Cured.* Where the petition is unchallenged until after the trial is concluded and findings made, *held,* that no objection as to the mere manner in which the allegations are made will then avail; and also, *held,* that though the petition may be defective, yet if by all the pleadings taken together issues of fact are fully presented for trial, the defect in the petition will be cured.

2. REFORMATION OF CONTRACT, *When Justified.* To justify the reformation of a contract or deed, the fact of a mutual mistake must be shown, as well as that the party seeking the reformation would be prejudiced by a failure to reform; but it is not necessary to show the existence of a prior parol contract and such part performance as would, in the absence of a written contract, take the case out of the statute of frauds.

3. MUTUAL MISTAKE; *Rule as to Evidence.* The fact of a mutual mistake must be clearly shown, but where that is conceded, the ordinary rule as to the preponderance of evidence controls as to the consideration, the performance and the prejudice.

### *Error from Rice District Court.*

ACTION brought by *Gore* against *Conaway* and wife, for the reformation of a certain deed. The facts sufficiently appear in the opinion, *infra,* and in the statement of the case of *Conaway v. Gore,* in 21 Kas. 726, 727. Trial by the court, at the adjourned term, commencing January 27, 1880, when the findings and judgment were for *Gore.* The defendants bring the case here.

*J. M. Muscott, W. J. Fuller, W. R. Brown,* and *J. H. Bailey,* for plaintiffs in error.

*Ansel R. Clark,* and *J. W. White,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case has been to this court once before, and the decision therein is reported in 21 Kas. 725. At that time a judgment upon the pleadings in favor of Gore was reversed, and the case remanded for trial upon the facts. Subsequently a trial was had by the district court without a jury,

special findings of fact made, and judgment entered upon them in favor of Gore. To reverse such judgment this proceeding in error has been brought. It may be stated generally, that the court found against the facts alleged in the answer, so that the decision in the prior case has little if any bearing upon the questions now presented.

The first proposition of counsel for plaintiffs in error is, that the petition is fatally defective. It alleges substantially the execution of a deed, that there was by mutual mistake a misdescription of the land, and prays a reformation. It does not allege a previous contract for the purchase of the land, the payment of any money, or any matter extrinsic to the deed by which it appears that the plaintiff has parted with anything or will suffer loss if reformation is not awarded. For all the petition shows, the deed may have been purely voluntary on the part of the defendants, a mere gift, and equity will not interfere to correct a gift. Now it may be, as counsel claim, that a demurrer, if it had been filed, ought to have been sustained. But none was filed. No challenge was made of the petition. Answer and reply were filed, trial had, evidence received and findings made before the sufficiency of the petition was questioned. And upon the question of the sufficiency of the pleadings, we need not look alone to the petition. We may properly examine all the pleadings, and if by them all there are sufficient allegations presented to make an issue of fact for trial, any defect in the petition will be cured. Now the answer which was considered when the case was here before, alleged that plaintiff had contracted to purchase the land at and for the price of $800, and that, relying upon his promise to pay that amount, the defendants had executed the deed, and that he had since failed and refused to pay. Upon the maxim that he who seeks equity must do equity, we held that this answer stated a defense. Thereafter a reply was filed, in which the plaintiff alleged that he bought the land for $395, and had paid that sum. This reply was found by the court to be true. Now taking the petition and reply together, a plain case for equitable relief is disclosed. Purchase, pay-

ment, and mistake in description, all appear. Clearly, the plaintiff would suffer great prejudice if denied a recovery; and no objection to the mere manner in which these facts, are alleged is of any avail, if not presented until after the close of the trial.

Another claim of counsel is, that the statute of frauds presents an insuperable obstacle to the plaintiff's recovery. The argument is, that the contract for the sale of the land was in parol, that there is no allegation or proof of the delivery of possession, the making of improvements, or any other matters which take a parol contract out of the statute of frauds, that the deed which was executed was a conveyance of other land, and therefore neither a conveyance nor a contract for the land in question. The argument is elaborated by counsel, and many authorities are cited. But these authorities run along the line of the doctrine of specific performance; while, the case at bar comes under the head of the reformation of contracts. The difference between the two is marked and substantial. One aims to enforce a parol contract as though it were in writing; the other seeks simply to conform the written to the real contract. One would avoid the necessity of any writing; the other would simply correct the writing. The principles which control the one are essentially different from those which control the other. / If a parol contract were sought to be enforced, the arguments and authorities of counsel would be in point. But the reformation of a deed already made, the correction of a contract already in writing, involve very different considerations. The question is, not whether there has been such a performance as renders inequitable the non-enforcement of the parol contract, but whether the written is the actual contract. It is not the substituting of acts *in pais* for the written contract, but it is making the written the expression of the real contract. We think, therefore, that the argument and authorities of counsel based upon the statute of frauds are not apt, and the objection urged not well taken. It would undervalue the whole doctrine of the reformation of contracts and deeds, if the case were to be treated as though no writ-

Conaway v. Gore.

ten contract had ever been made. The reformation implies the existence of a written contract. It corrects that which exists, and does not seek to avoid the necessity of that which is not. A mutual mistake must be shown, and that the party would be wronged by a failure to correct. These facts appearing, the power and duty of a court of chancery to reform is clear.

Many objections are urged in reference to the admission, exclusion and effect of the testimony. We see nothing in reference to the admission or exclusion of testimony which calls for notice, nothing in which a different ruling would have changed the result. As to the effect of the testimony, it is urged that the findings of the court cannot be sustained, because one party swears that the consideration was $800, while the other as positively swears that it was but $395. Hence, it is argued that the plaintiff has failed to make his case clearly apparent. We cannot agree with counsel, for the fact of a mutual mistake in the description is conceded, and the matter of consideration, performance and prejudice must, we think, rest upon the ordinary rule as to the preponderance of evidence, and, as to that question of fact, the finding of the trial court is conclusive.

Upon the whole record we see no error prejudicial to the material rights of the plaintiffs in error, and therefore the judgment must be affirmed.

All the Justices concurring.