W. H. James v. Parsons, Rich & Co., a Corporation.

No. 13,736. (78 Pac. 488.)

SYLLABUS BY THE COURT.

1. Master and Servant — *Wrongful Discharge—Rights of Servant.* A servant wrongfully discharged by his employer before the expiration of the time for which he was employed may pursue either of two remedies: He may treat the contract as terminated, and recover as upon a *quantum meruit* for the value of the services rendered; or he may stand upon the contract, and recover under its terms for damage for its breach. He cannot pursue both remedies. Having elected one, he cannot avail himself of the other.

2. —————— *Election of Remedies.* A servant wrongfully discharged from his employment had recovery for three days of service before the same was due him under the terms of the contract. *Held,* that having elected to recover on a claim outside the contract, as though the contract did not exist, he could not thereafter recover under the contract.

Error from Cloud district court; Hugh Alexander, judge. Opinion filed November 5, 1904. Affirmed.

*Pulsifer & Smith*, and *Pierce E. Butler*, for plaintiff in error.

*F. W. Sturges*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Plaintiff in error,. James, on March 11, 1901, was engaged by the defendant in error, Parsons, Rich & Co., to work for it as a traveling salesman until the 1st day of October of the same year, at a monthly salary of $85, the same to be due and payable on the first day of each calendar month. He did so work until the 3d day of May, 1901, when without adequate cause or excuse he was discharged from his employment by the defendant.   Estimated at the rate he was to receive by the terms of the contract, he had earned up to this time $53.66, but this sum included the balance due up to the 1st of May and the amount earned during the first three days of May, but not as yet due.   On the 4th day of May the plaintiff commenced a proceeding in the district court of Saline county to recover from the defendant upon two causes of action :   (1)  For the $53.66 salary ;  (2) for $425, the amount of salary that would be due him under the contract for the five months from May 1 to October 1, and, also, for the further sum of $1000, which he alleged he had been damaged because of the defendant's breach of the contract in discharging him. A demurrer to the second cause of action was sustained, and that was dismissed by the plaintiff without prejudice.   Judgment was rendered upon the first cause of action for the amount prayed for, $53.66, which judgment was subsequently satisfied in full by the defendant.

This action was commenced before a justice of the peace of Cloud county, on August 26, 1902, to recover

under the contract the salary due to the plaintiff for the five months from May 1 to October 1, 1901, less $140, which he alleged he had been able to earn during that time in other employment. As a defense the defendant pleaded the former proceedings and recovery had in the Saline county district court, and claimed that those proceedings and that recovery were a bar to recovery in this action. The district court so held, and adjudged the plaintiff to pay the costs of his action. This ruling is assigned as error here. It involves the consideration of the rights of one hired for a definite time at a definite wage or salary and discharged from service without adequate excuse before the expiration of such period. The authorities are quite uniform as to the rules which govern in such a case. The discharged servant has the option of two remedies: First, he may take the employer at his word, treat the contract as terminated, and sue as upon a *quantum meruit* for the value of all services rendered, regardless of whether the same is due by the terms of the contract or not, and regardless of the amount he was to receive under the terms of the contract. This is permitted upon the theory that there is no contract, both parties having elected to rescind it. Second, the discharged servant may stand upon the terms of his contract and insist upon his rights thereunder. Those rights are that he recover all wages due by its terms and as they become due, and also such damages as he may be able to show have, or will, result to him from its breach. Both of these elements of damage are based upon the contract. (Wood, Mast. & Serv., 2d ed., § 127; 20 A. & E. Encycl. of L., 2d ed., 36; *Keedy v. Long*, 71 Md. 385, 5 L. R. A. 759, note, and cases cited.)

He cannot, however, have both of these remedies,

either simultaneously or by successive actions; having elected to pursue either, he is barred from pursuing the other. It is quite evident he cannot at one time claim relief on the theory of no contract and at another claim under the contract. Now, how was it here? In the Saline county action the plaintiff, while ostensibly counting upon the contract, and in both causes of action seeking to recover under its terms and for its breach, was really in the first cause of action seeking to recover not only the wages for April, which were due and recoverable under the contract, but those for the three days in May, which were not due under the contract, and which were recoverable only on the theory that there was no contract; that is, he was seeking to recover and did recover for those three days upon a *quantum meruit*, and not under the terms of the contract. This was an election on his part that he would treat the defendant upon its own ground, as if no contract existed, and having so elected he could not thereafter shift his ground and pursue it upon the theory of an existing contract, as he attempted to do in the case subsequently brought in Cloud county. He is bound by his first election. The principle must apply with the same certainty when the value of but three days' work was recovered for the same as though a much longer time was involved.

The plaintiff insists that the Saline county action was brought upon the contract, and involved only wages due under the terms of the contract, and, therefore, having dismissed that cause of action, which claimed for wages for the balance of the time after May 1 under the terms of the contract, he could subsequently maintain an action for such wages. This would be true if his assumption that his first cause of

action was entirely for wages then due were correct; but it is not.   His action in Saline county for wages due for the three days in May was not under the contract, for by the contract such wages were not due and could not have been recovered until the 1st day of June.   His recovery for these three days was upon a *quantum meruit*.   He probably recovered for those days only the amount that would have become due him under the contract, but he recovered it before it was due.   He might have recovered more if he had shown that his services were worth more, as he was suing and recovering, not under the contract, but on the theory of *quantum meruit*.   Again, we doubt the right of the plaintiff to recover in this action even upon his own theory that the Saline county action was based upon the contract, for in that case he recovered a portion of the May wages.   In this case he is seeking to recover the balance of the May wages; that is, he is splitting his cause of action.   This is not permissible.

The judgment of the district court is affirmed.

All the Justices concurring.