CARRIE BERRY V. W. O. CRAIG.

No. 15,166.    (91 Pac. 913.)

SYLLABUS BY THE COURT.

JOINDER OF CAUSES OF ACTION—*Agent's Commission—Sale of Real Estate.* In an action for a commission a real-estate broker may join a count for the reasonable value of his services with a count based upon an express contract to pay a stated commission.

Error from Morris district court; OSCAR L. MOORE, judge. Opinion filed July 5, 1907. Affirmed.

*Frank P. Sebree, L. B. Kellogg,* and *Thad B. Landon,* for plaintiff in error.

*E. H. Gamble,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: Carrie Berry owned a stock-ranch lying in Morris and Chase counties. H. S. Boice, of Kansas City, Mo., was her general agent. As a result of negotiations with Boice, W. O. Craig, a real-estate agent of Kansas City, Mo., undertook to find a purchaser for the ranch. He employed T. Morris, of Alma, to assist, agreeing to divide the commission with him. Morris enlisted the aid of Fred Miller and Henderson Brothers, also of Alma. Miller brought the land to the attention

of P. H. Dunn and Hercule Pessemier, of St. Marys. Miller and Dunn visited the land with the expectation of purchasing an interest in it with Pessemier, but they abandoned their purpose to buy and Pessemier finally purchased direct from Boice. Craig sued Berry for his commission and recovered. Numerous errors are assigned, but they may all be disposed of briefly.

The petition contained two counts. In the first it was alleged that the plaintiff was employed to find a purchaser, that he did so, and that his services were reasonably worth a stated sum. The second count alleged that the defendant's agent promised to pay the sum named as a commission for the services rendered. At the beginning of the trial the defendant moved the court to require the plaintiff to elect between the two counts, but the motion was denied, evidence was introduced in support of each, and the claim in each was submitted to the jury, who found an express contract. The ruling was correct. The two counts were entirely consistent. Neither contradicted the other. The facts stated in the first might be true and the facts stated in the second also might be true. If an express contract existed, recovery could not be had upon an implied contract; but to meet possible exigencies of the proof the plaintiff had the right to go to the jury upon both sets of allegations. Take the case of a note given by a debtor's agent in settlement of an account. It would be manifestly unjust to oblige the creditor to stake his entire case upon his ability to prove authority to sign the note, and he ought to be allowed to join a count on the note with a count on the account. So here, Boice might deny an express promise, Craig be unable to sustain the burden of proving it, and thus lose, although clearly entitled to recover the value of his services. This form of pleading has been recognized by this court (*Edwards v. Hartshorn,* 72 Kan. 19, 82 Pac. 520, 1 L. R. A., n. s., 1050; see, also, *Campbell v. Fuller,* 25 Kan. 723, 728), and conforms to the usual practice

under the codes.     (9 Cyc. 749; 5 Encyc. Pl. & Pr. 321, *et seq.;* Bliss, Code Pleading, 3d ed., § 120.)

The advertisement of the property by Craig was accompanied by evidence tending to show that Boice knew of it and asked what returns were obtained from it.   Therefore it was relevant to prove authority.   For the same reason evidence relating to efforts to make a sale to Woods, of Strong City, was properly admitted.

Objections to evidence relating to the value of the plaintiff's services need not be canvassed, since the jury found an express contract.

Without discussing separately the various assignments of error raising the question, it is sufficient to say that Boice employed Craig and that Craig was clearly the procuring cause of the sale.   The fact that Miller and Dunn, who were not known to Craig, were at one time prospective purchasers does not affect Craig's right to a commission.   The special findings are not inconsistent with, but support, the general verdict, and the defendant is not entitled to judgment upon them.   The motion for a new trial was properly denied, and the judgment of the district court is affirmed.