T. M. TEMPLETON *et al., as Partners, etc.,* V. GEORGE BIEGERT *et al., as Administrators, etc.*

No. 15,880. (100 Pac. 654.)

SYLLABUS BY THE COURT.

1. PETITION—*Quantum Meruit—Contract Repudiated—Agent's Commission.* A petition which alleges an agreement of plaintiffs to procure a purchaser and to assist in effecting a sale of the owner's land for a certain compensation, but that after a purchaser had been procured and before the sale was effected the landowner wrongfully repudiated the agreement and completed the sale without plaintiffs' assistance, and that plaintiffs then elected to treat the contract as ended and to

bring an action for the value of the services rendered, for which they ask judgment, states a good cause of action.

2. ——— *Surplusage—Proof of Contract.* An averment in such petition that the landowner had died since the sale was made, and that by reason of his death plaintiffs had become incompetent to testify to conversations and transactions had with him and were therefore unable to prove the terms of the oral agreement entered into for the sale of the land, does not destroy the other averments of the petition nor operate to defeat a recovery in *quantum meruit.*

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed March 6, 1909. Reversed.

*James V. Humphrey,* for plaintiffs in error.
*W. S. Roark,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: T. M. Templeton and Richard Rohrer, partners in the real-estate business, brought this action against the administrators of the estate of J. H. Kuhlenkamp to recover compensation for services rendered in finding a purchaser for, and assisting in the sale of, the farm of J. H. Kuhlenkamp. In their petition they alleged that in his lifetime Kuhlenkamp made a contract with them to procure a purchaser and assist in the sale of his farm, and that they were to receive as compensation so much as the purchase-price exceeded $12,000. It was alleged that after they had procured a purchaser, but before the completion of the sale, Kuhlenkamp sent them the following note:

"DEAR SIR—I understand you think of selling my farm. I withdraw all I said. I will not sell it for the price I told you. So you see you are out, as I do not want to sell it. I thought I had better tell you in time.
Yours truly,    J. H. KUHLENKAMP."

It was averred that Kuhlenkamp refused to abide by the agreement and proceeded to consummate the sale of the farm to the purchaser whom they had found,

without their further assistance, for $15,275. They then alleged:

"Plaintiffs further say that a short time after said sale was effected, as aforesaid, to wit, on the — day of ——, 1906, the said J. H. Kuhlenkamp died, and that, by reason of his death and the ensuing incompetency of plaintiffs to testify in this action to conversations or transactions had by them with deceased, they are unable to produce competent proof of the terms of said oral agreement, so far as the same relates to the item of their compensation, but are, and will be, able to produce proper evidence of their employment by the said J. H. Kuhlenkamp, now deceased, to procure a purchaser for, and assist in selling, said farm."

In the concluding paragraph of their petition plaintiffs stated that by reason of the premises they had elected to sue on a *quantum meruit* for the value of their services instead of the compensation agreed upon, and hence they asked judgment for $405.87. Upon a demurrer the court held that the plaintiffs had not stated a cause of action in their petition, and, as they chose to stand upon their petition, judgment was rendered for defendants.

The petition states a cause of action upon a *quantum meruit*. In behalf of the defendants it is contended that the averment of the death of Kuhlenkamp and the plaintiffs' incompetency to testify to conversations and transactions had with him—that they are unable to produce proof of the terms of the oral agreement—in effect nullifies the purpose of section 322 of the civil code and destroys the validity of their petition. In this explanatory averment the plaintiffs unnecessarily set out one of the reasons why they elected to sue on the *quantum meruit*. This surplusage, however, is immaterial if the other averments are sufficient to warrant a recovery for the value of their services. The petition alleged the employment of plaintiffs, not only to find a purchaser, but also to assist Kuhlenkamp in effecting a sale. It was then stated that after finding a purchaser,

but before the sale which they were to assist in effecting was completed, he wrongfully repudiated the contract. This being true, they had the option to sue on the *quantum meruit* or for the damages sustained by the breach of the contract. By reason of Kuhlenkamp's wrongful interference, which prevented plaintiffs from completing the services which they had undertaken to perform, they were not allowed to earn the full compensation named in the special agreement—that is, they were not allowed to assist in the negotiations up to the completion of the sale. They were then entitled to treat the contract as ended and to recover the value of the services actually rendered.

The fact that the pleading disclosed that a special contract was made fixing the compensation does not limit the plaintiffs to a recovery under it nor make it essential to prove its terms. In *Usher v. Hiatt,* 21 Kan. 548, it was held that "where a plaintiff states in his petition all the facts of his case, setting forth a special contract, the work done thereunder, and its value, and then proves such facts, he may recover thereon, provided he could have recovered thereon at common law, either upon the special contract or upon a *quantum meruit* count." (Syllabus.) In *Jenson v. Lee,* 67 Kan. 539, 73 Pac. 72, the plaintiff entered into a contract with his employer to perform work and labor for a share of the profits of the undertaking, but before the work was completed the defendant wrongfully prevented the plaintiff from carrying out the contract, and it was held that the plaintiff was then warranted in treating the contract as non-existent and to recover the actual value of the services rendered. In *James v. Parsons,* 70 Kan. 156, 78 Pac. 438, it was ruled that a servant wrongfully discharged by his employer before the expiration of the time for which he was employed may pursue either of two remedies—that is, he may treat the contract as terminated and recover in *quantum meruit* or he may stand upon the contract and recover damages

41—79 KAN.

for its breach. In *Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950, there was involved an agreement that if the tenant should perform labor, furnish material and board men he might have the use of a farm so long as it was for rent. The tenant sued for the work and labor performed and the money expended for the defendant's use and benefit, and it was contended there, as here, that having disclosed the fact that there was an agreement which was unenforceable under the statute of frauds the plaintiff had in effect destroyed the force of his petition, but the court held that these statements were not destructive of the 'cause of action and that "a party not at fault himself may recover in *quantum meruit* for advancements that he has made upon the faith of a contract which is unenforceable under the statute of frauds, and which the other party refuses to perform." (Syllabus.) That the reference to the special contract and plaintiffs' inability to establish their claim under it does not destroy their cause of action is shown by the result of the case of *Berry v. Craig,* 76 Kan. 345, 91 Pac. 913. That was an action, like this, to obtain compensation for services rendered in connection with the sale of real estate, and it was held that the plaintiff might join a count for the reasonable value of the services rendered with one based upon an express contract to pay a stated commission, and that in order to meet the exigencies of the proof the plaintiff had even the right to go to the jury upon both sets of allegations.

It is argued that the value of the services can not be established because the contract furnishes the measure of recovery and since it is averred that plaintiffs are unable to prove the contract they have in fact admitted that the value of the services can not be shown. It is said that in any event plaintiffs can not recover a sum in excess of the contract price, and if that can not be established no recovery whatever can be had. Although the action is not on the contract the value fixed

Railroad Co. v. Gorman.

by the parties for the whole services may be shown as an aid to the determination of the value of the services actually rendered. The estimate which the parties put upon the services is some proof of their value, but it is only one of the methods of establishing such value. It may be shown by other proof, and in the present case there is no danger that the recovery for the portion of the services rendered will be in excess of the contract price. The amount sued for is $405.87, while the amount to which the plaintiffs would have been entitled if the services had been completed and the contract carried out would have been $3275. The landowner can not be permitted to terminate the employment of plaintiffs and avail himself of the time and labor expended by them without rendering compensation therefor. When he wrongfully repudiated the agreement before its terms were carried out he made himself liable for the breach, and the plaintiffs were then at liberty to treat the contract as rescinded and bring an action to recover the value of the services rendered. This was the course that they pursued.

The judgment is reversed and the cause remanded for a new trial.