GEORGE W. WILEY, *Appellee*, V. E. R. LOCKE *et al.,* *a Partnership, etc., Appellants.*

No. 16,144.

SYLLABUS BY THE COURT.

1. WAREHOUSEMEN—*Breach of Contract to Store Goods in a Certain Building—Injury by Fire.* A warehouseman who contracts to store the goods of another in a brick building, but in violation of his agreement stores them in an adjoining wooden building, sheeted with iron, which is less secure, and the goods are burned in a fire which did not destroy the brick building or its contents, is liable for the loss of the goods.

2. —— *Implied Duty of Warehousemen.* In the absence of an express agreement the law implies that a warehouseman for compensation will exercise reasonable care to protect and preserve property entrusted to him for safe-keeping, and imposes a liability for a loss resulting from his failure in that respect.

3. —— *Warehousemen Not Insurers—Extent of Duty.* He is not an insurer of goods received for storage, nor is he required to provide a building which is secure from danger from within or without that could not be foreseen or provided against. He is required not only to place such goods in a building reasonably adequate and safe against danger from within, but should exercise due care to store them in a place where they will not be exposed to unusual hazards from without.

4. —— *Injury by Fire—Election of Remedies.* In an action to recover for the loss of goods entrusted to a warehouseman it is competent for the owner to set up his cause of action in two counts: one upon an express agreement as to the character of the building in which the goods are to be stored and the care to be exercised, and another based on the implied undertaking of the warehouseman to exercise reasonable care in providing an adequate and safe place for the goods delivered to him for safe-keeping.

Appeal from Reno district court; PETER J. GALLE, judge. Opinion filed November 6, 1909. Affirmed.

*F. F. Prigg,* and *C. M. Williams,* for the appellants.

*A. C. Malloy,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellants, who were doing business under the partnership name of the City Transfer Company, received the household goods of George W. Wiley, the appellee, for storage, and shortly afterward the goods, as well as the building in which they were stored, were destroyed by a fire which originated in a livery stable adjoining the warehouse. In his petition the appellee alleged that he made a verbal agreement with the appellants to place and keep his goods on the ground floor of a brick building, and that the appellants failed to put the goods in their brick building, but instead had stored them in an adjoining wooden structure, covered with corrugated iron, which was consumed by fire. It was averred that the brick warehouse of the appellants was not burned, and that if the goods, which were of the value of $435, had been stored there in accordance with the verbal agreement there would have been no loss. In a second count of the petition there was an averment of the delivery of the goods to the appellants, as warehousemen; and that without the knowledge of the appellee they placed them in a wooden building, sheeted with iron, that was within one and a half feet from a livery barn, a dilapidated wooden structure containing great quantities of hay and other inflammable material and generally recognized as a fire trap, and that a fire originated in this barn which was communicated to the adjoining warehouse and destroyed the goods of the appellee; and, further, that the failure of the appellants to provide an adequate building and proper facilities for the safe-keeping of the goods turned over to them was a violation of their duty

as warehousemen, which made them liable for $435, the amount of the loss sustained. The appellants' answer denied the making of the verbal agreement alleged by the appellee, and then set forth a copy of a printed and written receipt, which it was alleged constituted the agreement between the parties and contained provisions differing greatly from those of the alleged verbal agreement. The trial resulted in favor of the appellee, who was awarded $435, the value of the goods destroyed.

The court denied a motion of the appellants asking that the appellee be required to elect upon which ground of his petition he would seek a recovery, and of this ruling complaint is made. There was no occasion to make an election. But one cause of action was pleaded and only one recovery was sought. That was for the loss of the appellee's goods through a failure of the appellants to take proper care of them. The first count pleaded a liability of the appellants because of a breach of an express agreement as to the conditions of storage, and the second was upon the implied undertaking of a warehouseman for compensation to exercise reasonable care in providing an adequate and safe place for the goods placed in his keeping. Both counts are based on the same transaction and between them there is no such inconsistency as will prevent the uniting of them in the same action. A pleader is permitted to set up his cause of action in different forms in order to meet the exigencies of the proof. The failure of the appellee to prove a breach of the express agreement is no reason why he should not establish the breach of the implied undertaking. (*Edwards v. Hartshorn,* 72 Kan. 19; *Berry v. Craig,* 76 Kan. 345.)

Whether the verdict of the jury was founded on the first or second count of the petition is not disclosed by the record. There was a general finding in favor of the appellee, and it appears that the appellants did not ask for special findings or take any steps to learn the

basis of the verdict. There was testimony tending to show an express agreement to store the goods in a brick building, and also that goods stored in that building were not injured by the fire which destroyed the adjoining wooden one. Assuming that there was such an agreement, it follows that the placing of the goods in a different building, which subjected them to a risk not contemplated by the parties, and wherein they were destroyed by fire, makes the appellants liable for the resulting loss. An agreement to keep property in a certain kind of a building is not satisfied by placing and keeping it in a different kind of a warehouse, especially one less secure than the kind of warehouse provided for in the agreement. (*McSherry v. Blanchfield*, 68 Kan. 310.) The appellee had a right to insist on the security and every advantage there is in a brick warehouse, and when the appellants stored the goods in another building, where they were burned, they made themselves liable for the value of the goods destroyed. In a similar case the supreme court of Minnesota held that "where goods which have been removed by the bailee from an agreed to another place of storage without notice to or consent of the bailor are destroyed by fire, the bailee is liable in an action at law for the reasonable market value of the goods. (Schouler, Bail., § 106.) Such a state of facts makes out 'a case of the defendant having taken the plaintiff's goods to a place where he had no right to take them; therefore he must pay for their loss.' " (*McCurdy v. Wallblom Furniture & Carpet Co.,* 94 Minn. 326, 328.)

(See, also, *Hudson v. Columbian Transfer Co.,* 137 Mich. 255; *Lilley v. Doubleday,* L. R. 7 Q. B. D. 510; *St. Losky v. Davidson,* 6 Cal. 643; *Hatchett & Bro. v. Gibson,* 13 Ala. 587; *Butler v. Greene,* 49 Neb. 280; 30 A. & E. Encycl. of L. 53.)

Complaint is made of the admission of testimony showing the character and situation of the livery stable adjoining the building in which the goods were stored

and in which the fire originated.  Exception was also taken to the instruction that "it is the duty of warehousemen to furnish a building which shall be reasonably fit and safe for storage, and if the building proves unsafe and property stored therein is damaged or destroyed by fire the warehousemen will be held liable for the loss if they fail to exercise due and reasonable care in furnishing said building."  It is insisted that as the fire did not originate in the warehouse, but from without, and testimony of the conditions outside of the warehouse was not admissible, and, further, that there was no occasion for submitting to the jury the question of the appellants' negligence in storing the goods close to the livery stable.  Evidently this testimony and the instruction based upon it was submitted under the averment that the appellants had failed to exercise the care that the law requires of a bailee for hire.  When the appellee proved that he had intrusted his goods to the appellants, who were unable to return them because they were burned, it then devolved upon the appellants to show that the loss did not occur through any want of care on their part.  A warehouseman is not an insurer of goods received for storage, nor is he required to provide a building secure against all danger from outside risks.  The law does require that he shall exercise due care and reasonable precaution to protect and preserve property placed in his custody; that is, such care as an ordinarily prudent person engaged in that business is in the habit of exercising toward property intrusted to him for safe-keeping.  He should not only store them in a building reasonably adequate and safe against danger from within, but should exercise due care to store them in a place where they will not be exposed to unusual hazards from without.  There was testimony that the goods were put in this sheeted building, situated about fourteen inches from an old livery barn made of pine lumber and containing large quantities of hay, that hay protruded through the cracks of the

stable, and that all along the edge of the building there was hay which had been thrown out of the mangers. In addition it was draped with cob-webs. This inflammable material was immediately against the wooden building in which the goods were stored. Whether the storing of the goods in close proximity to the stable where there was such a litter and so much inflammable material exposed to ignition by those using the livery stable was due care was fairly a question of fact for the jury.

A like question arose in *Judd v. New York & T. S. S. Co.*, 117 Fed. 206, where property stored in a warehouse was burned by a fire which originated in an adjoining building owned by another. It was contended that if proper precautions were taken against fire in the warehouse itself no responsibility could arise by reason of a fire starting on and communicated from adjoining premises, not owned or occupied or controlled by the warehouseman, since the fire was so violent in character as to defy any resistance that could possibly be opposed to it. The court ruled against this contention, holding that "the fact that a carrier which placed goods received for shipment in its warehouse took adequate precaution against fire on its own premises does not exonerate it from liability, as a matter of law, for the destruction of the goods from a fire originating on adjoining premises, . . . although such fire was so violent that it was impossible to prevent it from spreading to its own building, where it had full knowledge of the manifest danger to its own premises arising from the specially hazardous condition of those adjoining, and took no means to guard against it. Under such circumstances it may have been culpable negligence and a breach of duty as a bailee for hire to place the goods in such warehouse." (Syllabus.) In *Prince & Co. v. Compress Co.*, 112 Mo. App. 49, a warehouseman stored goods in a building close to a river, and it was held that he was bound to the exercise of care in order

to protect the goods against the breaking of a dike and the overflow of the river, and that if he failed to exercise due care he was liable for damages caused by the flood, although he had nothing to do with the dike and was under no duty to repair the same so as to prevent the overflow of the river. (See, also, *Barron & others v. Eldredge & others,* 100 Mass. 455; *Vincent v. Rather,* 31 Tex. 77; *Dieterle v. Bekin,* 143 Cal. 683; 30 A. & E. Encycl. of L. 45.)

The circumstances brought out in the testimony, including some not stated, were sufficient to warrant the court in submitting to the jury the question whether the appellants exercised such care toward the goods as the law requires of warehousemen.

No substantial error is found in the proceedings, and therefore the judgment is affirmed.