No. 23,355.

L. H. BRIGHAM, *Appellee*, v. R. P. CARPENTER, *Appellant*.

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Commissions—Express Contract Proven.* Where the petition in an action for a real-estate agent's commission declared upon an implied contract that the defendant vendor should pay the usual and customary commission for services in effecting a sale of real property, and the answer denied liability on an implied contract but pleaded that the agent's services were to be compensated under a special contract for the amount of which defendant offered to confess judgment, and the plaintiff's reply, while denying the matters set out in the answer, alleged that even if such matters were true the plaintiff was entitled to interest on the sum confessed to be due, it is held that the pleadings construed together properly raised an issue on the question whether defendant should be bound upon the implied contract set up by plaintiff or the express contract alleged by defendant; and *held,* that under the pleadings and the evidence a recovery against defendant on an express contract was correct.

2. SAME—*New Trial Properly Denied.* Errors in instructions, denying a new trial, and in rendering judgment for plaintiff, examined and not sustained.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed December 10, 1921. Affirmed.

*W. S. Kretsinger,* of Emporia, for the appellant.
*Edwin Anderson,* of Council Grove, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for a real-estate agent's commission on the sale of a farm. The service was performed, and the only dispute was over the amount of the commission. The farm was sold for $57,300, and the plaintiff demanded—"the usual and ordinary commission . . . five per cent on the first thousand . . . and two and one-half per cent on the remainder. . . . $1,457.50."

Brigham v. Carpenter.

Defendant answered that he had an agreement with the plaintiff that the commission should be two per cent of the sale price, $1,146, and that he had sent his check to plaintiff for that amount, but the plaintiff had returned it. Answering further, defendant alleged "that defendant tenders said amount into court and offers to confess judgment for the same."

Plaintiff replied and, among other matters denying the allegations of the answer, alleged that even if $1,146 was the agreed commission, he was entitled to interest thereon from the time the services were rendered.

The cause was tried before a jury; the evidence for defendant strongly supported the allegations set up in defendant's answer; and a verdict and judgment were rendered for plaintiff for $1,289.25, which appears to be based upon a computation of a two-per-cent commission and the interest thereon.

Defendant appeals, specifying four errors:

"1. The court erred in refusing defendant's requested instruction instructing the jury to return a verdict for the defendant.

"2. The court erred in giving instructions Nos. 3 and 4.

"3. The court erred in refusing defendant's motion for a new trial.

"4. The court erred in rendering judgment in favor of the plaintiff and against the defendant."

The first of these cannot be sustained. Not only were the services admittedly performed, but the defendant offered to confess judgment for $1,146. How then could the court instruct the jury to return a verdict for defendant? He seems to think that since the plaintiff failed to establish the implied contract and his consequent right to the customary commission, he is not entitled to any commission—not even the amount defendant admitted to be due and for which sum he offered to confess judgment. The court cannot follow the subtlety of this argument. We recognize, of course, that an action on an implied contract is not established by the proof of an express contract, nor *vice versa;* but while the petition in this case declared upon an implied contract, the answer and reply both brought into the case the issue of an express contract (*Conaway v. Gore,* 24 Kan. 389), and the issues as made up permitted of a recovery upon either an implied contract or an express contract. (*Berry v. Craig,* 76 Kan. 345, 346, 91 Pac. 913; *Templeton v. Biegert,* 79 Kan. 638, 642, 100 Pac. 654; *Wiley v. Locke,* 81 Kan. 143, 145, 105 Pac. 11.) Defendant's motion for an instructed verdict was properly denied.

The substance of the instructions objected to was that there was only one disputed question in the case—as to what commission was to be paid the plaintiff for his services:

"If you find and believe from the evidence that the commission was to be the usual and customary commission, that is, five per cent on the first thousand and two and one-half per cent on the balance of the purchase money, then of course your verdict and finding should be for the plaintiff for the amount of commission, whatever it figures at this rate. If on the other hand you find and believe from the evidence that the agreement was that the defendant was to only pay two per cent to the plaintiff for his services in finding this purchaser then that will determine the amount of your verdict."

Under the record submitted to us, this was a simple, correct and intelligible statement of the only matter requiring the jury's determination. Counsel for defendant argue that this is not in accord with *Karr v. Moffett,* 105 Kan. 692, 185 Pac. 890; 106 Kan. 379, but the cases are not analogous. In *Karr v. Moffett* there was no evidence to support a claim for commission on an implied contract, while the evidence adduced did establish an express contract under which *nothing was due;* the contract for the real-estate agent's commission was specific; the service to be rendered in order to earn the commission was specific.

"As plainly and frankly as could be set down on paper, the plaintiff was advised that his commission was to come out of whatever excess he could get above $35 per acre; but if he obtained an offer of $35 per acre, he should send it in and some commission might be adjusted with him. Plaintiff did not succeed in either undertaking; therefore, he did not earn the commission, either in whole or in part, under his special contract." (*Karr v. Moffett,* 105 Kan. 692, 694.)

The third and fourth assignments of error disclose nothing requiring discussion. It is not suggested that there is anything wrong in the computation of the accrued interest on the agreed commission of two per cent on the sale price.

Judgment affirmed.