No. 38,518

In the Matter of the Estate of Lida G. Fitzroy, Deceased. MA-BELLE A. BACHMAN, Claimant, *Appellant,* v. RAYMOND McCABE GREEN, Executor, *Appellee.*

(240 P. 2d 163)

Opinion filed January 26, 1952.

*Robert R. Hasty,* of Wichita, argued the cause, and *George E. Hasty,* also of Wichita, was with him on the briefs for the appellant.

*John I. Young,* of Salina, and *Robert L. NeSmith,* of Wichita, argued the cause, and *W. H. Young,* of Salina, was with them on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an action to recover from the estate of decedent for personal services rendered to her during her lifetime.

Judgment was rendered in favor of the estate, and claimant appeals. For purposes of clarity claimant will be referred to as appellant and the estate of Lida G. Fitzroy as appellee.

Appellant filed her petition for allowance of a demand against appellee alleging that she was a creditor of appellee and had a just and valid claim for work and labor performed by her for Lida G. Fitzroy during her last illness, covering a period of 487 weeks from February 14, 1940, to February 8, 1950; that she had not been paid for work and labor performed, and that the fair value of her services was $20 per week, and included a prayer for judgment against appellee in the sum of $9,740.

Appellee by way of answer to appellant's petition denies all the allegations of fact except appellee admits that appellant did perform services on behalf of Lida G. Fitzroy, deceased, but alleges that such services were performed under an express verbal contract between appellant and deceased; that said deceased agreed to pay and appellant agreed to accept the sum of $3 per week, and in addition thereto appellant was to receive her board and room, and that during the entire time of employment, appellant did receive her lodging and meals and the sum of $3 per week, and further alleges that the statute of limitations had run against all appellant's claim except that portion thereof which became due within the three-year period immediately prior to the time of filing her petition for allowance of demand, and that appellant is therefore entitled to recover nothing by reason of her demand. By way of cross petition appellee asserts that appellant handled money belonging to decedent and made purchases of groceries and other necessaries for said decedent; that appellant was in a confidential and fiduciary relationship to said decedent during her lifetime; and appellee prays judgment requiring appellant to render a true and correct accounting of all moneys which came into her possession or which were entrusted to her during the period of her employment; that appellant be ordered to bring into court all records and receipts bearing thereon, and to itemize all amounts paid to her by decedent; and that appellee have judgment against appellant for such amount as the court shall find due.

The case proceeded to trial on the issues as formed, at the conclusion of which the court made the following conclusions of fact and law:

"Conclusions of Fact

"1. Mabelle A. Bachmann was employed by the decedent, Lida G. Fitzroy, on or about the first Sunday in October, 1940, to do and perform general household duties and personal care of the decedent, for which said decedent agreed to pay to the said Mabelle A. Bachmann the sum of Three Dollars ($3.00) per week, and in addition thereto, the decedent agreed to furnish said claimant room and board.

"2. At the time claimant went to work for Lida G. Fitzroy, the decedent, Mrs. Fitzroy, had just returned from the hospital where she had a cataract removed from one eye, she being at that time blind in the other eye. Her sight, in the eye from which the cataract was removed, returned to her in a matter of probably two weeks. Thereafter, she was able to get around with someone helping her. During said two weeks period, claimant Mabelle A. Bachmann rendered personal services to said decedent, as well as performed general household duties, in accordance with said contract of employment. Thereafter, decedent recovered to such an extent that personal services theretofor rendered by the said claimant were unnecessary until about the first day of January, 1943, when decedent became totally blind; thereafter, claimant rendered to said decedent the same kind of personal services and performed the same general household duties as said claimant had rendered and performed during the first two weeks of said employment and continued to render and perform such services until the death of said decedent, which occurred on the 10th day of February, 1950.

"3. Claimant was in the continuous employment of said decedent, Lida G. Fitzroy, and subject to call day and night for personal services rendered from the first Sunday in October, 1940, until the 10th day of February, 1950; that at the time of her death, decedent was 84 years of age and the claimant was more than 60 years of age.

"4. The periods of time for which claimant rendered services for said decedent, the amounts due, and the credits of payment thereon are as follows:

| Period of time | Amount Due | Credits | Balance |
|---|---|---|---|
| April 18, 1942 to March 1, 1943 | $135.00 | | $135.00 |
| March 1, 1943 to March 1, 1944 | 156.00 | $60.00 | 96.00 |
| March 1, 1944 to December 1, 1947 | 588.00 | 276.00 | 312.00 |
| December 1, 1947 to February 8, 1950 | 342.00 | 260.00 | 82.00 |
| | | Total | $625.00 |

The total amount due and unpaid under the express agreement of claimant and decedent is the sum of Six Hundred and Twenty-five Dollars ($625.00).

"5. The aforesaid contract between said claimant and decedent was never changed, modified or altered by mutual consent, or otherwise, during the entire period of claimant's employment by decedent."

"Conclusions of Law

"1. The petition for allowance of demand of claimant Mabelle A. Bachman is based upon a quantum meruit, and seeks to recover the reasonable value of services rendered.

"2. The express oral agreement of claimant Mabelle A. Bachman and the

decedent, Lida G. Fitzroy, fixed the value of claimant's services and such agreement controls and the said claimant is bound thereby.

"3. The petition for allowance of demand not being based upon the said express oral agreement, claimant cannot recover herein and the executor, Raymond McKabe Green, is entitled to judgment against said claimant for costs."

To the conclusions of fact and law, appellant filed a motion for new trial and appellee filed his motion for judgment based upon the court's conclusions of fact and law. These matters were heard; appellant's motion for new trial was overruled, and appellee's motion for judgment based upon the court's conclusions of fact and law was sustained and judgment rendered by the court against appellant and in favor of appellee for costs. This appeal is from such ruling and judgment, appellant asserting that the findings of fact are contrary to the evidence, and do not support the conclusions of law of the trial court in rendering judgment for the appellee.

Before considering the questions raised by appellant, we are confronted with a motion to dismiss this appeal because appellant has failed to comply with the requirements of G. S. 1949, 60-3311 pertaining to filing a transcript of proceedings in the lower court. Appellee denies the right of appellant to determine what testimony constitutes a complete transcript and challenges the correctness and completeness of the evidence presented by appellant's abstract in this court.

However, the want of a transcript and the consequent want of a complete abstract of the evidence do not always require a dismissal; the want of these merely limits the scope of review. (*Buckwalter v. Henrion,* 111 Kan. 781, 208 Pac. 645; *Kasper v. Miller,* 159 Kan. 488, 156 P. 2d 550.)

Here the appellant filed an abstract which included the pleadings in the action and findings of fact and conclusions of law made by the court. Appellant apparently recognized the rule stated and therefore does not specify error in overruling of his motion for new trial, but limits the review in this case to two questions: (1) That the findings of fact are not supported by the evidence; and (2) the conclusions of law upon which the judgment was based were erroneous and the lower court entered a wrong judgment.

As to appellant's first contention, inasmuch as no transcript was filed, we must and do assume there was sufficient evidence to support the findings of fact of the trial court and we accept them as correct. (*Addington v. Hall,* 160 Kan. 268, 160 P. 2d 649, and cases

cited therein on page 270; *Barker v. Chicago, R. I. & P. Rly. Co.,* 158 Kan. 549, 148 P. 2d 493.)

With the findings established, there remains but one question for decision. In the light of the facts as found, was the trial court's conclusion of law erroneous? We are of the opinion that it was. In brief, it is appellee's contention that inasmuch as appellant filed her demand against the estate on a quantum meruit basis, she is now barred from recovering anything on the contract of employment asserted by appellee. It will be noted that appellee admits the services performed by appellant and the court so found, but alleges that said services were performed under an oral agreement between appellant and deceased, based on payment of the sum of $3 per week plus board and room. The court found in its finding No. 4 that appellant rendered services to said deceased, the amount due and the credits of payments thereon were set forth, and found there was due and unpaid to appellant under the express agreement with decedent the sum of $625. The issue before the court as disclosed by the pleadings and the findings was whether appellant was entitled to recover on the basis of quantum meruit or under the oral contract.

A similar situation arose in the case of *Brigham v. Carpenter,* 110 Kan. 104, 202 Pac. 976, and this court said:

"Not only were the services admittedly performed, but the defendant offered to confess judgment for $1,146. How then could the court instruct the jury to return a verdict for defendant? He seems to think that since the plaintiff failed to establish the implied contract and his consequent right to the customary commission, he is not entitled to any commission—not even the amount defendant admitted to be due and for which sum he offered to confess judgment. The court cannot follow the subtlety of this argument. We recognize, of course, that an action on an implied contract is not established by the proof of an express contract, nor vice versa; but while the petition in this case declared upon an implied contract, the answer and reply both brought into the case the issue of an express contract (*Conaway v. Gore,* 24 Kan. 389), and the issues as made up permitted of a recovery upon either an implied contract or an express contract. (*Berry v. Craig,* 76 Kan. 345, 346, 91 Pac. 913; *Templeton v. Biegert,* 79 Kan. 638, 642, 100 Pac. 654; *Wiley v. Locke,* 81 Kan. 143, 145, 105 Pac. 11.)"

Again we said, in *Darnell v. Haines,* 119 Kan. 633, 240 Pac. 582, at page 635:

"This court is fully committed to the doctrine that a suit on an implied contract to pay the reasonable value of services rendered, does not deny existence of an express contract to pay a definite sum for the same services; that

action on one theory is not incompatible with recovery on the other, notwithstanding the difference in proof and measure of recovery; that both theories may be tendered as grounds for recovery in the same action; and that, although there can be but one recovery, plaintiff may not be required to elect, but may go to the jury on both. (*Berry v. Craig,* 76 Kan. 345, 91 Pac. 913; *Wiley v. Locke,* 81 Kan. 143, 105 Pac. 11; *Clifton v. Meuser,* 88 Kan. 408, 129 Pac. 159; *Brigham v. Carpenter,* 110 Kan. 104, 202 Pac. 976.) In *Brigham v. Carpenter,* the petition pleaded an implied contract to pay the reasonable value of services. The answer pleaded an express contract to pay a definite sum. The court held that Brigham might recover on either theory. While proof of the express contract would defeat recovery on the implied contract, it would not defeat recovery."

See also *Jerecki Manufacturing Co. v. Shields,* 169 Kan. 640, 220 P. 2d 144.

In the instant case appellant pleaded an implied contract to pay a reasonable value for her services. Appellee's answer pleaded an express contract to pay a definite sum. While proof of the express contract would defeat recovery on the implied contract, it would not defeat recovery. Inasmuch as appellee has invoked the jurisdiction of the court by his answer setting up the express contract as a defense, and the trial court has made a finding in accordance thereto, it does not now lie in his mouth to repudiate that defense.

In view of the pleadings and findings of fact made by the trial court, it becomes the duty of this court under the mandate of the Civil Code to order the proper judgment. (G. S. 1949, 60-3317; *Devlin v. City of Pleasanton,* 130 Kan. 766, 288 Pac. 595.)

The judgment of the lower court is reversed and the case remanded, with instructions to render judgment in favor of the appellant and against the appellee in the sum of $625 together with interest and costs.