No. 45,092

FARM BUREAU MUTUAL INSURANCE COMPANY, *Appellee,* v. VERNON SCHMIDT, d/b/a SCHMIDT REPAIR SHOP, *Appellant.*

(443 P. 2d 254)

Opinion filed July 13, 1968.

*Gene H. Sharp,* of Liberal, argued the cause, and *Chas. E. Vance, H. Hobble, Jr., Rex A. Neubauer, Chester A. Nordling* and *Kerry McQueen,* all of Liberal, were with him on the briefs for the appellant.

*Paul A. Wolf,* of Hugoton, argued the cause, and *Sherman Brollier,* also of Hugoton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was a subrogation action to recover the value of three motor vehicles destroyed by fire while in a repair shop.

The plaintiff, The Farm Bureau Mutual Insurance Company, had insurance policies against loss by fire covering a Chrysler Imperial automobile, a Mercury automobile and a Ford truck. Each was separately owned. On March 9, 1965, the three motor vehicles were in the defendant's shop for repairs when they were destroyed by fire. Plaintiff, under the terms of its insurance policies, paid the owners of the motor vehicles a total of $6,880 and brought an action against the defendant, Vernon Schmidt, d/b/a Schmidt Repair Shop, for the amount paid.

The petition alleged a separate cause of action against the defendant for the amount paid for the loss of each motor vehicle. We will consider the allegation covering the Chrysler Imperial as the fire appears to have occurred while work was being done on that vehicle. Omitting formal parts, it is alleged that the automobile was delivered to defendant's shop for the repair of the gas tank and placed under his exclusive possession and control; while work was being done on the gas tank a fire suddenly originated near the rear end of the automobile resulting in its total destruction; at the time of the fire the defendant and his employees had exclusive control and management of the automobile, the repair shop and all of its equipment; the fire was the result of negligence on the part of the defendant, his agents or employees; the negligence was the sole and proximate cause of the destruction of the automobile, and the plaintiff is without knowledge of, and cannot determine, the specific acts of negligence causing the loss.

The answer alleged that the relationship between defendant and plaintiff's insured was that of bailor and bailee; defendant at all times exercised ordinary care in protecting the motor vehicles from damage; he was without fault in the premises, and he does not know what caused the fire but alleges it was caused by an act of God or some unknown defect in the Chrysler automobile.

The case was tried to the court without a jury. At the close of the evidence the trial court concluded:

"Plaintiff established a prima facie case of res ipsa loquitur against the defendant by:

"(a) establishing the existence of a bailment of its insured's property with the defendant; and,

"(*b*) the total destruction of the insureds' properties in the defendant's garage by fire.

"The defendant's proof failed to explain or overcome the presumption created by the doctrine of res ipsa loquitur."

Judgment was for plaintiff for $6,880 with interest.

The defendant has appealed.

Much confusion has arisen due to the failure to hold a pretrial conference. The confusion pertains to the issues. A pretrial conference should be held for the purpose of determining whether there is confusion or dispute as to the issues and if there is a dispute or confusion the issues should be definitely determined. The pretrial order should be made a part of the record. The pretrial order may well be more important to a determination of the issues than the pleading under the new code of civil procedure. It is clear from the record that the trial court understood the law of bailment and the relation of the doctrine of res ipsa loquitur thereto. At a pretrial conference it could and should have simplified the issues for the parties.

The appellee contends, in support of its judgment, that it has a right to recover under the law of bailment. It quotes from *Wiley v. Locke*, 81 Kan. 143, 105 Pac. 11, as follows:

". . . When the appellee proved that he had intrusted his goods to the appellants, who were unable to return them because they were burned, it then devolved upon the appellants to show that the loss did not occur through any want of care on their part. . . ." (p. 147.)

Appellee also contends that it has the right to recover on the theory of res ipsa loquitur having framed its petition to conform to *Travelers Ins. Co. v. Hulme*, 168 Kan. 483, 213 P. 2d 645, where the facts were somewhat similar to the facts in the case before us and recovery was allowed on the theory of res ipsa loquitur.

The appellant counters with the contention that—

". . . The distinguishing factor between the *Hulme* case and case at Bar is the allegation which was made in the *Hulme* case that was not made by Appellee in this case. This allegation is that a fire such as the one which occurred, does not ordinarily occur without Defendant's negligence. Such an allegation is essential in a *res ipsa loquitur* case and such must also be proved before Plaintiff is entitled to judgment in a *res ipsa loquitur* case. . . ."

The parties devote much of their briefs to the res ipsa loquitur argument. It is all "much ado about nothing." The law of bailment and the rule of res ipsa loquitur applicable to proof in a negligence case do not present two different theories for recovery. They are both a part of one theory.

When a motor vehicle is placed in the exclusive possession and control of a bailee for repair and it is lost or destroyed, the law presumes the bailee's negligence or other fault to be the cause and casts on the bailee the burden of going forward with proof that the loss was due to other causes consistent with due care on his part. This rule is simply an application of the theory of res ipsa loquitur in a bailment case.

In *Lee v. Midwest Cold Storage & Ice Corp.*, 155 Kan. 876, 130 P. 2d 574, we stated at page 883 of the opinion:

". . . When the bailor has shown the facts touching the placing of his perishable goods in the cold-storage warehouse, and has shown that they were in sound first-class condition at that time, and that at a later time (of reasonable length) the goods had deteriorated and were in damaged condition, he has made a prima facie case of the warehouseman's failure to exercise such care of the goods as a careful owner would use in caring for his own property. *This is merely an application of the well-known legal principle of res ipsa loquitur.* It will then rest on the warehouseman to show, if he can, such facts as will withstand the prima facie case made against him. . . ." (Emphasis supplied. See, also, 8 C. J. S., Bailments, § 50, p. 518.)

We need not concern ourselves here with what need be pleaded and proved or what must not be pleaded and proved in order to invoke the doctrine of res ipsa loquitur in a negligence case. It will suffice to say that when the appellee pleaded and proved that the motor vehicles were placed in the exclusive possession and control of the appellant for repair and they were destroyed by fire while appellant was working on one, the burden was cast upon the appellant, bailee, to go forward with evidence showing that the fire was due to other causes consistent with due care on his part and if he does not sustain such burden, the bailor becomes entitled as a matter of law to a verdict in his favor. In 8 Am. Jur. 2d, Bailments, § 314, p. 1200, the general rule is thus stated:

"While the bailor has the affirmative of the case, when he shows that the property was delivered to the bailee in good condition, and that the bailee has failed to return the thing bailed, or has returned it in a damaged condition, he makes out a prima facie case of negligence against the bailee, and it then becomes the duty of the bailee to go forward with the evidence and explain his default by showing facts and circumstances sufficient to exonerate him from liability to show that his failure to redeliver it upon the termination of the bailment was because of its loss by fire, theft, or other casualty *free from fault on his own part.* . . ." (Emphasis supplied.)

The above statement assumes that the bailee is in exclusive possession and control.

We are forced to agree with the trial court that appellant's proof

failed to explain or overcome the presumption created by the loss while under the bailment relationship, or if preferred, and more in the language of the trial court, the proof failed to explain or overcome the presumption of negligence created by the rule of res ipsa loquitur when the doctrine was invoked by the loss of the bailed chattel while in the possession and control of the bailee.

There is no dispute in the testimony. There is simply a lack of knowledge as to the specific cause of the fire. The best that can be said on behalf of the appellant is that it is disclosed by the evidence that the gas tank which was to be repaired had to be removed from the automobile. It was about one-half full of gas. The rear of the car was jacked up, the support bands were removed and the tank was being lowered by three men when there was a "poof" and "the back of the car was all afire."

One of the witnesses for the appellant in discussing the possible cause of the fire stated:

"Well, there would have to be some kind of a fire or spark. Sometimes you might strike metal together that would cause a fire if the conditions were right."

The general testimony was that the cause of the fire was strictly speculation—"nobody knows for sure what caused it." There was speculation that the trouble light, which was used under the car to make light while removing the tank support bands, may have been left under the car and gasoline splashed on it.

The owner of the Mercury testified:

". . . I visited with him and some of the boys that worked around the shop and I don't know, . . . one of the boys that was helping there that day, said that he just figured one of them either dropped a wrench or a drop of gas hit this light and exploded on the trouble light, but then they didn't know what caused it and I don't either. . . ."

This testimony does not absolve the appellant from negligence or meet the burden placed upon him by the presumption of negligence causing him to go forward with proof of his due care.

The appellant stresses the fact that—

"The Defendant's proof was not rebutted, and established that he was going about the repair of the gasoline tank in question in a workmanlike manner, using the same methods and procedures used by other repair shops in the area. . . ."

The method and procedure being proper, the inference is that the fire would not have occurred in the absence of negligence of some character. It is difficult, perhaps impossible, to state a rule which will cover the specific proof necessary to overcome the pre-

sumption of negligence on the part of the bailee which will apply to every case. The nature of the proof will vary depending on the surrounding circumstances and conditions in each particular case, i. e., the circumstances and conditions under which a fire started.

However, where an automobile on which a bailee is working is destroyed by fire about the only way the bailee can free himself from the presumption of negligence is to show the specific cause of the fire and such a cause as will absolve him from negligence. The bailor need not show the specific cause of the fire. Neither need he show an act or omission on the part of the bailee which caused the fire. The prima facie case created by the presumption of negligence places the burden on the bailee to go forward with the proof to free himself of the presumption.

What is said immediately above answers appellant's complaint that the trial court erred in not making specific findings on such factual issue as lack of proof of the cause of the fire.

A careful examination of the record discloses no error that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.