## DIBOL & PLANK v. W. & E. H. MINOTT.

1. CONTRACTS ENTIRE AND SEVERABLE.   When a contract for performing several items of work is entire in its character, the party agreeing to render the service, may, upon a breach by the other party, elect to proceed for the breach and recover damages, or to treat the contract as rescinded and recover for the actual value of the labor performed.

2. SAME: SEVERABLE CONTRACT.   As a general rule, a contract for the performance of work or labor, consisting of several separate and distinct items, the price for which is apportioned to each item, or in which the price is clearly and distinctly apportioned to the different parts of but one item, will be regarded as severable.

3. SAME.   When, by the terms of a contract, sums become due upon the performance of separate items of the work contracted for, the consideration is severable, and each sum may be recovered upon the performance of the several parts.

4. CONTRACT ENTIRE.   When, by the terms of a contract, the consideration to be paid is entire, the contract will be regarded as entire, though the subject of it may consist of several distinct items.

5. SEVERABLE CONTRACT.   The plaintiff contracted to paint and glaze ten houses for the sum of $70 *each;* *Held*, that the contract was severable.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 22.

In an action commenced before a justice, defendants, among other items, claimed as a set-off, an account for painting and glazing four houses. Judgment being for plaintiffs, defendants appealed, and on the trial in the District Court, it was agreed that there was a contract upon the basis of a proposition to the following effect, made by defendants to plaintiffs:

"W. & E. H. Minott's proposals for painting and glazing the ten houses, as shown by plans 18 by 30 with L. 10 by 18; two good coats of lead and oil, including glass and setting, all in good, workmanlike manner, for $70 each—$700.

W. & E. H. Minott."

It was also agreed that plaintiffs neglected to furnish the ten houses, and only furnished four, which were painted as they were furnished. For this painting defendants claimed that they were not restricted to the contract price, but were entitled to treat the contract as rescinded, and to recover for said painting what the same was reasonably worth; and offered to prove that it was worth more to paint each of the four houses, than it would have been if the whole ten had been furnished, and that it was worth more than $70 each, to paint the four. This evidence the court refused to hear, and instructed the jury that the contract price must be carried out; that the compensation should be $70 for each house, but that defendants might be entitled to recover damages for the profit he might show that he had lost upon the other six houses.

To this refusal and ruling, defendants excepted and appealed.

*B. W. Poor*, for the appellants, cited 2 Par. Cont. 29; *Butts* v. *Huntley*, 1 Scam. 413; *Selby* v. *Hutchinson*, 4 Gilm. 319; *Bannister* v. *Reed*, 1 Gilm. 100, and cases there cited; 1 Caines R. 47; 9 Met. 580; 2 B. & P. 162; 1 Story Cont. 29, (section 25) *Derby* v. *Johnson*, 21 Ves.; *Clark* v.

*The Mayor, &c.,* Barb. S. C. R. 288; S. C. 4 Com. 338; *Rogers* v. *Parham,* 8 Cobb (Ga.) 190.

*Wiltse, Friend & Jennings,* for the appellees, cited 3 G. Greene 90; 2 Par. Cont. 29; 7 Hill 61.

WRIGHT, C. J.—Is this contract entire or separable? If the first, then the testimony offered was admissible, and the instruction erroneous. For if the contract was terminated against the will of defendants, they could have sued for a breach thereof, and recovered as damages the profits they would have made if allowed to complete the work; or they could at their election have waived the contract, treated it as rescinded by the act of plaintiffs, and brought an action on the common count for work and labor generally, and recovered whatever the work done was actually worth. *Clark* v. *Mayor* &c. 4 Com. 338; 2 Smith's Lead. C. 38–41; *Moulton* v. *Trask,* 9 Met. 577; *Hogland* v. *Moore,* 2 Black. 167; *Pedan* v. *Hopkins,* 13 S. & R. 45. As the defendants have treated the contract as rescinded, and brought their action for work and labor generally, they could recover what such work was actually worth, provided the contract was entire. If, on the other hand, it was separable or divisible, the rule of damages would be that adopted by the court; for the houses finished they would be entitled to the contract price, and for those not finished, damages to the amount of the profits they show they would have made, if allowed to complete them. In our opinion, the contract is divisible, and the ruling correct.

The law governing entire and separable contracts is well settled; and while cases are numerous, which are referable to each of them, the difficulty when a case occurs in practice, is to determine to which class it belongs. This is done by construing the contract, in doing which, we look to the intention of the parties, as evidenced by the language employed and the subject matter of the contract.

But let us refer to some rules upon the subject of contracts as thus classified, recognized by the cases and text writers.

Where the work to be performed consists of several distinct and separate items, and the price to be paid is apportioned to each item, or is left to be implied by law, the contract will generally be held to be severable.  And this rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature single and entire.  Where the consideration to be paid is entire, the contract must be so held, although the subject of it may consist of several distinct and independent items.  Par. on Cont. 29–33 and the cases cited; *Johnson* v. *Same*, 3 B. & P. 162; *Robinson* v. *Green*, 3 Met. 159; *Perkins* v. *Hart*, 11 Wheat. 237;  *Woods* v. *Russell*, 5 B. & Ald. 942; *Cunningham* v. *Morrell*, 10 John. 203; *Miner* v. *Bradley*, 22 Pick. 457; *Roberts* v. *Havelock*, 3 B. & Ald. 404; *Withers* v. *Reynolds*, 2 Ib. 882.

If, by the terms of an agreement, or its legal operation, certain sums became due upon the performance of separate parts of the work, the consideration is severable, and an action may be maintained for such particular sums on performance of the separate parts.  *Sickles* v. *Patterson*, 14 Wend. 276.  And in construing the consideration as entire and distributed, the law is guided by a respect to general convenience and equity, and by the good sense and reasonableness of the particular case; for this is the construction which it must be supposed the parties intended should be given upon a contingency not contemplated at the time of making the contract.  2 Smith's Lead. C. 42; *Jones* v. *Dunn*, 3 W. & Serg. 109; *Brown* v. *Vinel*, 3 Met. 533.  We now come to the case before us.  By the language of the contract, the work consists of several distinct items, and a price is apportioned to each.  For each house defendants were to receive seventy dollars, and not a specific or round sum or price upon the performance of all the work.  The consideration or price to be paid is readily apportionable, for the contract itself gives the rule—so much for *each* house.  And in this respect the contract resembles that in *Withers* v. *Reynolds, supra,* in which Littledale, J., founds his de-

cision upon the wording of the contract, "for each load, &c.," which imports, as he says, that each load is to be paid for on delivery.

Entertaining this view of the contract, the instructions were correct, and there was no error in excluding the testimony offered.

Judgment affirmed.