## EDMONDS V. COCHRAN.

1. **GENERAL DEMURRER.** A general demurrer to a pleading containing two or more counts, one of which is sufficient, should be overruled, even though the remaining counts are defective.

2. **FAILURE TO DEMAND A DEED.** A demand for a deed by the vendee in a contract for the conveyance of either of two tracts of real estate, at the election of such vendee, is not essential as a condition precedent to the right of the vendee to bring an action to recover back the purchase money, when it is shown that he notified the grantor of his election, and that the grantor could not convey a perfect title to the tract which he elected to take.

3. **RESCISSION OF CONTRACT.** The refusal of one party to perform a contract on his part, is sufficient cause for a rescission of the contract by the other.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 19.

THE facts are stated in the opinion of the court.

*Robinson* and *Edmonds & Ransom* for the appellants.

*Clarke & Davis* for the appellee.

LOWE, C. J.—The plaintiff seeks, in his petition to establish a mechanic's lien to secure a certain amount, as the price and value of some carpentering and joiner's work which he had performed for defendant; under a special contract, by the terms of which he was to have 30 per cent on the Cincinnatti bill of prices, and to receive in part payment thereof one or the other of two tracts of land, (at the election of plaintiff,) 80 acres each, at $6,00 per acre.

The petition contains two counts; one in the nature of a common count claiming to recover a specified sum for work and labor performed for the use and at the request of defendant. The other is founded upon the special contract

entered into in March, 1858 ; and alleges that the plaintiff and his partner, Samuel Adams, continued to work upon the brick building being erected by defendant from date of contract till the 20th of October following, when the said Adams retired from the firm, and assigned his interest in the contract to the plaintiff.  Plaintiff further alleges that he was induced to do the defendant's work at the reduced price of 30 cents on the dollar upon the Cincinnati bill of prices, partly in consideration that a porch and window blinds were to be made for the house, which has not been done, because defendant has failed and wholly refuses as he agreed to do, (to furnish the material for the same.)  The plaintiff further alleges in this connection that although he had elected to take in part payment for the work he had done, one of the tracts of land described in the contract, to-wit : the E $\frac{1}{2}$ of N E $\frac{1}{4}$ of § 33, township 80, N. R. 12 west, of which defendant had notice, yet he had failed to make to the plaintiff any title by deed of conveyance ; and it is alleged that he is not able to do so, for the reason that he never had himself any title whatever to the same.   In consideration of the premises the plaintiff claims under the contract, a money compensation for his work at what it is worth.

The defendant demurred, and the grounds upon which the demurrer was sustained, and from which ruling the appeal comes, are as follows :

1. The said petition shows no reasonable excuse for not demanding a deed for the land.

2. The said petition shows no sufficient request for a deed of the land which plaintiff elected to take.

3. The said petition shows no sufficient reason for rescinding the said contract.

The first and most obvious reason why this demurrer should have been overruled, is, that it was filed to the whole

petition, which sets up two distinct causes of action, in as many different counts, one of which is confessedly good. In all such cases, if a general demurrer is interposed, and either of the counts constitute a cause of action, the demurrer should be overruled.   10 How. 222; Swan's Pleadings and Precedents 234.   Whilst it is competent for a party to demur to one or more causes of action, still in order to avoid the above consequences, he should limit his demurrer to the count really and substantially defective.   If it is expected, however, that we shall express any opinion upon the merits of this demurrer as applicable alone to the count based upon the special contract, we still think the demurrer should have been overruled.

Without stopping to give our views of the relative rights and obligations of the parties under the contract, so far as it relates to the question of demand; we have little hesitation in concluding under the allegations of the petition that an adequate excuse is shown for the omission.

The plaintiff alleges, that he did elect which of the tracts of land described in the contract he was willing to take, and that he gave notice to the defendant of such choice, but states in addition to this that defendant had no title whatever to said land, and that it was entirely out of his power to convey a title to the same.   If these facts are true, which the demurrer admits, for what purpose should he be held to perform a nugatory act?

He also alleges the same fact, in connection with another, as a reason for rescinding the contract.   The other fact stated is, that he, the plaintiff, was only induced to do the defendant's work for 30 cents on the Cincinnati bill of prices in consideration that the shutters or window blinds, and the porch, should be included in the class of work to be done, and that the defendant had failed to furnish the materials for this kind of work, and had refused to have the same

done.   We can not but think, under the following authorities that thes e facts do show a sufficient reason for rescinding the contract, and that they are *prima facie* sufficient to put the defendant upon his answer: *Fitch* v. *Casey*, 2 G. Greene 300; *Dibol & Plank* v. *W. & E. H. Minot*, 9 Iowa 403; *Webster* v. *Enfield*, 5 Gilman 298.   Overruling the decision of the court below on the demurrer, this cause is re-manded.

Reversed.