BAILEY, Respondent, vs. O'DONNEL, Appellant.

*October 15 — November 5, 1890.*

*Replevin: Evidence: Record of suit* inter alios : *Appeal.*

1. In replevin for a horse it appeared that one M., being the owner thereof, had mortgaged it to one S. to secure the performance of a contract. After the contract had been fully performed, M. mortgaged the horse to one G. Subsequently S. took the horse from M. in an action of replevin, and sold it under his mortgage to the plaintiff; and thereafter G. took it from the plaintiff under his mortgage, and sold it to the defendant. *Held,* that the record and papers in the replevin suit of S. against M. were not admissible in evidence against the defendant in this action.
2. There being no evidence other than such record and papers which would sustain the verdict for the plaintiff, the admission thereof was a material error.

APPEAL from the Circuit Court for *Forest* County.

Replevin. The facts will sufficiently appear from the opinion. The defendant appeals from the judgment entered upon a verdict in favor of the plaintiff.

For the appellant the cause was submitted on the brief of *Levi J. Billings.*

*Egbert Wyman,* for the respondent.

COLE, C. J. This is an action of replevin for the possession of a horse. The plaintiff clams to have bought the animal of one Chauncy Spaulding at a public sale. Spaulding derived title under a bill of sale given to him by one J. C. Miner, dated January 5, 1889. This bill of sale, though

absolute in its terms, was filed as a mortgage, and was treated by the court as such on the trial. Spaulding left the property in the possession of Miner until November 2, 1889, when he caused the horse to be taken in an action of replevin commenced by him against Miner before a justice of the peace. It was by the proceedings in that action that Spaulding obtained possession of the horse, and then sold it to the plaintiff in this suit. But the horse was taken from the plaintiff's possession in three or four days, under a chattel mortgage which included the animal and other property, which chattel mortgage was given by Miner to one Graef, dated May 7, 1889. This mortgage is in the usual form of such instruments, and was filed in the proper office the day of its date. There is nothing in the case which tends to impeach the good faith or validity of this mortgage. It was given to secure the payment of a *bona fide* debt which the mortgagor, Miner, owed the mortgagee, Graef. About this there is no question made. It is insisted that the title to the horse derived under this mortgage must prevail as against any title which Spaulding acquired under his bill of sale.

It is not necessary in this case to decide whether the bill of sale of personal property, absolute on its face, may be filed as a chattel mortgage, and have the effect of a mortgage so far as subsequent purchasers and incumbrancers of the mortgaged property are concerned. This was not a conditional sale of the horse, where the title was to remain in the vendor and the possession in the vendee until some condition was complied with, so as to authorize it to be filed under sec. 2317, R. S. It was undoubtedly intended by the parties to it to be in the nature of a mortgage to secure the performance of a logging contract which Miner had entered into with Spaulding, December 15, 1888, on which Spaulding had advanced some money. It is only necessary to observe, in regard to this logging contract,

that the undisputed testimony shows that it had been fully performed by Miner, and that Spaulding's debt, growing out of it, had been paid and satisfied before Miner gave the chattel mortgage to Graef.

We think the court should have granted the motion for a nonsuit, on the ground that the plaintiff failed to show title or the right of possession of the horse under the bill of sale in question, as against the defendant. But the case is not reversed for that reason, but for another, which will be now stated.

On the trial, the record and papers in the case of *Spaulding v. Miner* were introduced in evidence against the objection of the defendant. The object of this testimony was to prove title to the horse in the plaintiff; but it is obvious that this record was in a proceeding *inter alios acta,* and cannot affect the parties to this suit. That it was improper testimony is too plain to admit of discussion. The learned counsel for the plaintiff insists that the judgment should not be reversed because of the admission of this improper testimony, since, as he says, there is other evidence in the case sufficient to sustain the verdict for the plaintiff. We cannot agree with counsel upon this point. Treating the bill of sale as in the nature of a chattel mortgage given to secure the performance of the logging contract, when that logging contract was performed the bill of sale was *functus officio.* It had performed its office, and could not be invoked to sustain the title of Spaulding to the horse in controversy; hence the foundation of the plaintiff's title derived under the bill of sale falls to the ground. So the admission of the record might have been, and doubtless was, very prejudicial to the defendant, and must have had a controlling weight with the jury in finding that the plaintiff was the owner of the horse and entitled to the possession of the same. The jury must have supposed that the title of Spaulding had

Bailey vs. O'Donnel.

'been determined in this action against Miner, and found in favor of the plaintiff on that theory. Be this as it may, it is apparent the record was improperly admitted and was well calculated to injure the defendant. Without considering the error assigned on the charge, we therefore reverse the judgment because of the admission of improper evidence, and remand the cause for a new trial.

*By the Court.*— It is so ordered.