Jenson v. Lee.

THOMAS JENSON, SR., v. TOM LEE.

No. 13,269. (73 Pac. 72.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Work and Labor—Quantum Meruit.* One who is prevented by the wrongful act of his employer from fulfilling a contract to perform work and labor, to be paid for in a share of the profits of the undertaking in which the service is to be rendered, may abandon the contract and recover upon *quantum meruit* the actual value of his services to the time the contract was broken.

2. ———— *Petition Sufficient.* The value of services rendered under such a contract, so terminated, may be recovered under a petition in the form of a common count for the reasonable value of work and labor, where no objection is made to the form of the pleading.

Error from Morris district court; O. L. MOORE, judge. Opinion filed July 10, 1903. Affirmed.

*Humphrey & Humphrey,* and *Nicholson & Pirtle,* for plaintiff in error.

*J. K. Owens,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. : The petition in this case was in the form of a common count for the recovery of the reasonable value of work and labor performed. It was not attacked by motion or otherwise, and the answer was a general denial. The plaintiff's evidence, if true, established the fact that he had engaged to work on a farm and stock ranch owned, equipped, stocked and managed by defendant; that his compensation was to be one-third of the profits to be derived from the farm and the sale of stock; that his duties embraced all classes of services incident to farming and stock-raising, which he performed for

the period of seventeen months without remuneration, when he was obliged to discontinue his work and leave the farm under an order of the defendant so to do, emphasized by threats of personal violence and a display of force; that the order to leave had been repeated several times before it was complied with, and that on each occasion plaintiff had demanded a settlement with the defendant, which the defendant declined to make. The plaintiff also proved the reasonable value of his services. The defendant's evidence denied any contract whatever with the plaintiff and tended to show that plaintiff was working for defendant's son, who claimed a lease of the premises on which the services were rendered.

The court submitted the claims of the respective parties to the jury, with the result that a verdict was returned for the plaintiff, which verdict was approved on a motion for a new trial, and judgment rendered accordingly. The defendant brings the case here and argues that the evidence of plaintiff was wholly outside the issue tendered by the petition, and was at fatal variance with the pleading, because it established a contract for profits and not a service to be compensated by wages.

When the defendant drove the plaintiff away from the scene of his employment it became impossible for him longer to fulfil his part of the contract. The contract was necessarily terminated by the wrongful act of the defendant. The plaintiff then had two courses open to him—he could sue upon the contract and recover for its breach, or he could abandon the contract altogether, treat it as wholly non-existent, and recover upon *quantum meruit* the actual value of his services. Authorities to this effect are abundant.

"Is this contract entire or separable? If the first,

then the testimony offered was admissible, and the instruction erroneous. For if the contract was terminated against the will of defendants, they could have sued for a breach thereof, and recovered as damages the profits they would have made if allowed to complete the work ; or they could at their election have waived the contract, treated it as rescinded by the act of plaintiffs, and brought an action on the common count for work and labor generally, and recovered whatever the work done was actually worth." (*Dibol & Plank v. W. & E. H. Minott*, 9 Iowa, 403, 405.)

"The result of the cases is, that if the special contract is terminated by any means other than the voluntary refusal of the plaintiff to perform the same upon his part, and the defendant has actually received benefit from the labor performed and materials furnished by the plaintiff, the value of such labor and materials may be recovered upon a count upon a *quantum meruit*, in which case the actual benefit which the defendant receives from the plaintiff is to be paid for, independently of the terms of the contract. The contract itself is at an end. Its stipulations are as if they had not existed. But this does not imply that the contract may not be put in evidence, and its terms referred to, upon the question of the real value to the defendant of the plaintiff's labor and materials." (*Fitzgerald v. Allen*, 128 Mass. 232, 234.)

"Counsel for defendant objects to that part of the above charge in which the court said the plaintiffs might recover upon a *quantum meruit* what their services were worth ; that this does not mean what they were worth to the defendant, but the fair value of the work and labor ; and it is claimed that the true basis of recovery in such cases is not the value of the work and labor, but of the *product* of the work and labor. We think the circuit judge adopted the correct rule. If the plaintiffs had abandoned the work,· without being directed to do so by the defendant, and the defendant had appropriated the work to its own use, the rule contended for by defendant's counsel would

have been correct. That rule was recognized and clearly stated by the circuit judge in his charge. But where, as in this case, the plaintiffs are prevented from performing the contract, they are entitled to recover, if at all, what their work and labor is worth, whether it was of value to the defendant or not." (*Mooney v. Iron Co.*, 82 Mich. 263, 265, 46 N. W. 376.)

See, also, *Guerdon v. Corbett et al.*, 87 Ill. 272 ; *Wright v. Haskell*, 45 Me. 489 ; *Rodemer v. Hazlehurst & Co.*, 9 Gill (Md.) 288 ; *McCullough v. Baker et al.*, 47 Mo. 401 ; *Carroll v. Giddings*, 58 N. H. 333 ; *Derby et al. v. Johnson et al.*, 21 Vt. 17 ; *United States v. Behan*, 110 U. S. 339, 28 L. Ed. 168.

The plaintiff in this case chose to treat the contract as nothing, and framed his pleading accordingly. Pleading the common counts is still sufficient in this state under the code as it was at common law. If the defendant desired a full statement of the facts constituting the plaintiff's cause of action he should have moved to make the petition more definite and certain. (*Meagher v. Morgan*, 3 Kan. 372, 87 Am. Dec. 476 ; *Water Power Co. v. McMurray*, 24 id. 62 ; *Barons v. Brown*, 25 id. 410.) He failed to do this. Therefore the plaintiff was left at large in making his proof, and the evidence offered all supported his theory of the case.

The judgment of the district court is affirmed.

All the Justices concurring.