### GEORGE E. LENNON, INCORPORATED, v. JOHN A. McDERMOTT.[1]

February 2, 1917.

Nos. 20,112—(229).

**Contribution — verdict sustained by evidence.**

1. The evidence sustains the verdict based upon the conclusion that defendant and plaintiff's assignor were the joint owners of an enterprise to finance which they gave their promissory notes; that plaintiff's as-

[1] Reported in 161 N. W. 211.

signor was compelled to take up such notes; that a third joint maker on the notes was merely an accommodation maker, and that defendant and plaintiff's assignor were, as between themselves, liable for one-half of the amount of the notes.

**Amount of recovery — charge to jury.**

2. Defendant cannot complain because the court gave the jury an opportunity to find for plaintiff in a less amount than permissible under any issue made by the pleadings.

**Documentary evidence.**

3. No error was made in receiving in evidence a certain exhibit, for sufficient foundation was laid for its reception.

Action in the district court for Ramsey county, to recover on eight promissory notes. The case was tried before Hanft, J., who at the close of the testimony denied defendant's motion to dismiss the action and motions for directed verdicts, and a jury which returned a verdict for $6,402.98. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Denegre & McDermott* and *R. G. O'Malley,* for appellant.

*Morphy, Bradford & Cummins,* for respondent.

HOLT, J.

This suit is for contribution against an alleged joint maker of promissory notes. On May 17, 1907, defendant, his brother Thomas McDermott, and George E. Lennon executed and delivered their five joint and several promissory notes to the American National Bank of St. Paul. Each of three notes was for $1,500, and each of the other two for $1,000. A similar note for $1,000 was on the same day made by the same parties to the State Bank of Isanti. The money obtained from the six notes was used to pay an overdraft of the Northwestern Amusement Company at the American National Bank, and the balance was disbursed to pay obligations incurred by the company. Defendant and George E. Lennon, on May 28, 1907, also gave their joint and several note for $500 to the Midway Manufacturing & Lumber Company. And on October 22, 1907, defendant alone executed a note for $235 payable to the order of Willwerscheid & Roith. This last named note went to pay a printing bill owed the payees by the Northwestern

Amusement Company. Plaintiff sued on the theory that defendant and George E. Lennon were equally interested in the Northwestern Amusement Company; that Lennon individually was compelled to take up the seven first mentioned notes, and, in so doing, took an assignment of them and afterwards assigned the same, for value, to plaintiff. Judgment was asked for one-half of the amount paid by George E. Lennon when he took up the seven notes first mentioned. As to the remaining note for $235, plaintiff claimed to be a purchaser through George E. Lennon and asked for a recovery of the whole amount thereof from defendant. The answer was that defendant signed all the notes as a mere accommodation maker for George E. Lennon. Of course, any defense available as against George E. Lennon was equally so against plaintiff, who became owner after the notes were past due. The jury rendered a verdict for the full amount asked. Defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial was denied, and this appeal resulted.

The errors assigned relate to the sufficiency of the evidence, the court's charge, and the reception of an exhibit.

In considering the sufficiency of the evidence to support the verdict, the issues made by the pleadings are to be kept in mind. The complaint alleged that defendant and George E. Lennon made all the notes, except the one for $235, and shared equally in the money obtained upon them. No allegation was made in respect to the signature of Thomas McDermott or his liability as between the makers. The answer admitted the execution of the notes by defendant as alleged in the complaint, but averred that he signed as an accommodation maker at the request of George E. Lennon, who alone received the whole consideration. Then the answer also alleged that six of the notes were signed by Thomas McDermott, but that he so signed merely as an accommodation to George E. Lennon. It is clear that under the issues framed the position or liability of Thomas McDermott became immaterial. Defendant denied that Thomas incurred any liability whatsoever as between him and Lennon, and hence cannot claim that his own liability is to be reduced in any amount on account of Thomas' signature. It is true that, while George E. Lennon testified that he and defendant were the owners in equal shares of the Northwestern Amusement Company, and

that each one out of his share of the net profits was to pay Thomas McDermott a certain per cent for legal services, he also, on cross-examination, states that he understood each of the three makers was liable for one-third of the notes mentioned and, even, that it was agreed that each should pay one-third thereof. But nevertheless the jury had the right to find defendant's liability on the notes which he and Lennon both signed to be as between them equal, and that both shared equally the money obtained by their negotiation, for no proof came from defendant that if any liability at all existed on his part it should be reduced by reason of any agreement as to one-third; in fact, he asserted that Thomas was not liable. George E. Lennon testified that when, in starting the business of the Amusement Company, a three thousand dollar deposit was made at the bank, he and defendant contributed each one-half thereof. Defendant admits he put in over $1,000 of his own money in the venture, but says it was to help Lennon out. We think the evidence is not so meager in support of the verdict that we are justified in disturbing it, approved as it is by the trial court.

The objection to the court's charge must also be judged in connection with the issues made by the pleadings, as above noted. So doing, defendant should not find any fault either with a preliminary statement in the charge that the notes are *prima facie* the joint and several notes of the parties who signed them, or with the statement that if the jury found for plaintiff the amount should be one-half of the amount of the notes and interest, unless they found that there was a specific agreement between Lennon and defendant that the latter was only responsible for one-third of the notes, except the one for $235. Of course, the jury were told that if they believed from the evidence that defendant received no consideration from any of the eight notes involved, but signed them merely as an accommodation for George E. Lennon, the verdict should be in favor of defendant. The instruction that a verdict for only one-third of the notes might be rendered was more favorable to defendant than he was entitled to under the pleadings. On the $235 note the only issue to be tried was whether defendant signed it as an accommodation maker for Lennon. If he did not, he was liable, for no defense was set up that Lennon was to pay any part of it.

The next question is whether a signature card made at the time when

136 M—3

the Northwestern Amusement Company opened its account with the American National Bank was admissible in evidence. It was signed by defendant, the one who was to draw the checks against the account, in the presence and at the request of an officer of the bank. The testimony of this officer tended to show that defendant gave him the information he wrote upon one side of the card as to the persons interested in the Northwestern Amusement Company and that, after so noting down the information obtained, he handed the card to defendant who signed upon the other side. The witness was unable to state that defendant saw or read what had been so written. We think the card was properly received.

Order affirmed.