WILLIAM C. HIPPLE *vs.* BRADFORD MASON ET AL.

*Building Contract—Construction—Breach by Owner—Recovery on Quantum Meruit—Defenses—Instructions.*

That, in a contract for the construction of a building, a provision for the payment of specific sums to the builder, at certain named stages in the work, was followed by a clause, "all of the above payments are for ninety per cent. of the work in place," did not mean that the builder should receive only ninety per cent. of the specific sums named, such clause merely involving an estimate of the excess value of the work to be completed when the named sums became due.                    p. 98

In a "cost plus" contract, a provision that any money saved by the doing of the work at a cost less than a named amount should "revert back" to the owner, "subject to all additions and deductions" "agreed upon in writing," did not express with sufficient clearness and certainty an intention that extra work requested by the owner should not be paid for if not agreed upon in writing.                    p. 99

The owner of a building under construction, who committed a breach of the building contract, by failing to pay earned amounts to which the contractors were entitled, and by ordering them to leave the work, cannot avail himself of a provision of the contract thus rescinded as a ground of defense to a claim by them for labor and materials furnished at his request in the improvement of the property.                    p. 100

Building contractors who are prevented by the owner's conduct from duly completing the contract, and who are themselves without fault, may sue upon it as for a breach, or may treat it as rescinded and recover in general assumpsit for the value of the work actually performed.                    p. 100

In an action on the common counts by building contractors, there being evidence that the defendant owner forced the abandonment of the original contract, evidence as to extra work and materials furnished by plaintiffs on defendant's oral re-

quest *held* admissible, without reference to whether the original contract required any agreement for extra work and materials to be in writing.                                        p. 100

In an action for work and materials furnished under a "cost plus" building contract, a prayer offered by defendant, that a stipulation in the original contract, requiring additions and deductions to be agreed on in writing, referred to extra work on the building or elimination of parts of the work, as shown in the plans, and that for any such changes a written agreement was requisite, being in itself defective as disregarding an issue whether defendant himself committed a breach of the contract preventing its complete performance, in which case the stipulation referred to would not be enforceable, a modification of the prayer by the court, introducing the question of waiver of such stipulation, even though erroneous, was not ground for reversing a judgment for plaintiffs.                        p. 101

Defendant's prayer, placing on plaintiffs the burden of proving a breach by defendant of the contract or that its performance was prevented by defendant or that there was an assent by defendant to its abandonment, was properly granted.  p. 101

Plaintiff's prayer, authorizing a recovery even though the work was not done in strict conformity with the contract, provided it was accepted by defendant, but requiring the jury to allow for any damage sustained by defendant through plaintiff's default, if they find any such default, *held,* when supplemented by a burden of proof prayer granted at defendant's request, to submit the issue fairly.                        pp. 101, 102

In an action by a building contractor for the value of work and materials furnished in the construction of a garage, the exclusion of evidence as to storage business offered defendant, claimed by him to show the loss occasioned by delay in completion of the building, was not shown to be erroneous, no proffer being made, by sufficiently definite and complete proof, to support the theory that the income derivable from such business would indicate the rental value by which loss from the delay might be measured.                                        p. 102

*Decided January 14th, 1925.*

Appeal from the Baltimore City Court (HEUISLER, J.).

Action by Bradford Mason and J. Frank Fox, co-partners, trading as Mason & Fox, against William C. Hipple, trading as W. C. Hipple. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, BOND and PARKE, JJ.

*J. Edward Tyler* and *Joseph Townsend England,* for the appellant.

*John B. Gontrum,* for the appellee.

URNER, J., delivered the opinion of the Court.

A building agreement between the firm of Mason & Fox, as contractors, and W. C. Hipple, as owner, providing for the construction of an addition to the owner's public garage in Baltimore, included the following stipulations:

"The owner agrees to pay the contractor in current funds for the performance of the contract as follows: 6% on the total cost of the operation; the contractor agrees to guarantee the cost of the building, exclusive of the plumbing, heating, electric wiring and fixtures, not to exceed the sum of twenty-eight thousand, one hundred and sixty ($28,160.00) dollars, for the work as shown on drawings and as per the contractor's estimates of January 8, 1921, and September 27, 1921, and any saving of any money under the guaranteed amount ($28,160.00) shall revert back to the owner, subject to any and all additions and deductions that may be agreed upon between the owner and contractor in writing, and to make payments thereon as follows:

When foundation walls are in place......$5,600.00
When brick walls are in place to 2nd
    floor level ........................ 7,400.00
When roof is on and flashed............ 7,000.00
When building is completed, a sum not
    to exceed ......................... 8,160.00

"All of the above payments are for 90% of the
work in place. The final payment shall be made
within 30 days after the acceptance of the building
by the owner."

When the work under the contract had so far progressed
that the roof of the new building was on and flashed, and
when the third of the specified payments was due, a dispute
arose as to the amount which the contractors were then en-
titled to receive. The controversy was mainly the result of
a difference of opinion in regard to the interpretation of the
provision that the payments mentioned in the contract "are
for 90 per cent. of the work in place." It was the contention
of the contractors that they were entitled to be paid the
amounts designated in the agreement as the work advanced
to the respective stages therein described, while the owner's
theory was that only ninety per cent. of the stated amounts
was payable at the periods specified, and that the balance
was to be reserved until the building was completed and ac-
cepted. The sum paid on account of the third installment
was $6,134.92. The contractors claimed the right to receive
at that time the full sum of $7,000 as the amount of the
third payment contemplated by the agreement, and also the
sum of $585.12 as a balance due them on the first two install-
ments. Because of the inability of the parties to adjust their
differences the work was discontinued. There was testimony
on behalf of the contractors that the owner told them to "get
off the job." This was denied by the owner. The building
was completed by other contractors at a cost of approximately
$4,000. The payments to Mason & Fox aggregated $17,-
999.80. In this suit for the balance claimed to be due them
for the work performed and the materials furnished in the
erection of the building, they were awarded $4,600.34 by the
verdict of a jury. The amount of the verdict, added to the
payments made to Mason & Fox and the cost of completing
the garage, makes a total less than the maximum cost of
$28,160, limited in the contract from which we have quoted.

The defendant's appeal from the judgment entered on the verdict presents for review rulings of the trial court which are the subject of twenty-four exceptions.

The principal questions in the case are raised by groups of exceptions to rulings on evidence and prayers which were concerned with the construction of the contract under consideration in regard to the demandable amounts of the successive installments, and the right of the contractors to be paid for additional work required by orders of the building inspector of Baltimore and by instructions said to have been given by the defendant orally.

It was definitely stipulated in the contract that the builders should receive payments of specific sums of money at three of the construction periods indicated. The amounts payable when the foundation walls were in place, when the walls were finished to the second floor level, and when the roof was on and flashed, were stated with precision. It was only as to the final payment that the contract was indefinite. That was not to exceed $8,160, as otherwise it would extend the total cost beyond the stated maximum. In providing that the stipulated payments were "for 90% of the work in place," the contract simply estimated the excess value of the work to be completed at the times when the several amounts became payable. There was proof that when the third payment accrued it was in fact not more than ninety per cent. of the cost value of the work then finished, for which the contractors had not been compensated. The theory that only ninety per cent. of the amount stated in the contract could be claimed at the stated periods is not consistent with the plainly expressed agreement for the payment of designated sums as the work advanced. The effect of that provision is not neutralized by the subsequent recital that the required payments were for ninety per cent. of the work then accomplished. It was not to ninety per cent. of the payments specified, but to that percentage of the work that the contract referred. The court below was in accord with the view that the contractors were entitled to the full amount of the installment which they

sought to collect at the time of the discontinuance of their work on the building, and the rulings with respect to that phase of the case were free of error.

The decision of the question as to whether the contractors can recover for additional work performed under instructions of the owner and the building inspector should not disregard the fact that it was a "cost plus" contract under which the building was being erected. The compensation of the contractors, for labor and material, was to be six per cent. of the actual cost, which was not to exceed $28,160. If the work could be done for less than that amount, the money thus saved was to "revert back to the owner, subject to any and all additions and deductions that may be agreed upon between the owner and contractor in writing * * *" This provision is said to mean that no charge could be made for extra work unless authorized by written agreement of the parties. There was no such agreement in reference to the additional brick, concrete and iron work, costing about $1,900, performed by the contractors, and for that reason their right to include the items of such work in their present claim is disputed.

It was the purpose of the contract to express the obligation of the contractors to do the work according to the specifications, and within a stated time and cost, and the duty of the owner to pay in certain installments the amount of the actual cost, not exceeding the sum designated, including the contractors' compensation of "6% on the total cost of the operation," and to assure the owner that he would have the benefit of any reduction of the cost which might be feasible. The clause upon which the owner relies to defeat the claim for extra work makes no explicit reference to that subject. It simply provides that any money saved in the construction cost should revert to the owner subject to any additions and deductions upon which the parties might agree in writing. It could be readily understood from the language of the provision that it had reference to possible agreements for the increase or reduction of the maximum cost stipulated. If it was the design to place restrictions upon the liability of the

owner to pay for extra work performed at his request, the contract fails to express that purpose with the clearness and certainty which ought to characterize such a provision.

But assuming the correctness of the owner's theory as to the meaning of the contract in this respect, we have still to determine whether his defense to the claim for extra work can be conclusively sustained as against the evidence tending to prove a recission of the contract in consequence of his own violation of its terms. If he in fact committed a breach of the contract by failing to pay earned amounts to which the contractors were entitled, and by ordering them to leave the work because of their disagreement on that subject, there is no just reason why any provisions of the agreement thus rescinded should be available as a ground of defense to a claim for labor and materials furnished at the owner's request in the improvement of his property. The suit is not upon the contract, but upon the common counts, and the items of extra work and materials are included in the bill of particulars accompanying the declaration. It was the right of the contractors, if they were prevented by the owner's conduct from duly completing the contract, and if they were themselves without fault, to sue upon it for a breach, or to treat it as rescinded and recover in general assumpsit for the value of the work actually performed. *North v. Mallory,* 94 Md. 316; *Dugan v. Anderson,* 36 Md. 583; *Merritt v. Peninsular Con. Co.,* 91 Md. 453. In this action, brought independently of the contract, the defendant could not enforce its provisions for defensive purposes if he caused its rescission. The question of responsibility for that result was an issue in regard to which the evidence was conflicting. But in connection with testimony which tended to prove that the defendant forced the abandonment of the contract, we think the evidence as to the extra work and materials was properly admitted.

The defendant's fifth prayer, which was granted after being modified by the court, proposed in its original form to instruct the jury that the provision in the contract referring to additions and deductions meant extra work on the building

or elimination of parts of the work, as shown in the plans, and that for any such changes an agreement in writing was requisite. The court modified the prayer by adding the words "unless the jury shall further find from the evidence that such stipulation was expressly waived by both of the parties to the said contract." A special exception to the modification was filed by the defendant on the grounds, among others, that there was no evidence of any express waiver of the provision referred to, and that a question of law was thereby submitted to the jury. While there may have been a sufficient basis for the exception to the modification of the prayer, we are of the opinion that the prayer as offered was defective, because it disregarded the issue as to whether the defendant committed a breach of the contract by which its complete performance was prevented, in which event the provision cited would not be enforceable. The effect of the modification, therefore, was to qualify an instruction proposed by the defendant which he was not entitled to have granted. In accomplishing that result, under the conditions shown by the record, the amendment involved no prejudicial error justifying a reversal.

By the defendant's second prayer, which was granted, the burden was properly placed upon the plaintiffs to prove that there was a breach by the defendant of the contract in evidence or that its performance was prevented by the defendant or that there was an assent by the defendant to its abandonment. This instruction sufficiently served the purpose of the defendant's fourth prayer, which was refused.

The rejection of the third prayer of the defendant was proper because it stated an inadequate ground of defense.

The only other prayer of the defendant sought to have the case withdrawn from the jury, and the action of the court in refusing it was clearly right.

The single prayer granted at the request of the plaintiffs authorized a recovery even though the work was not done in strict conformity with the contract, provided it was accepted by the defendant, but the jury were directed to make an al-

lowance for any damage sustained by the defendant, through the plaintiffs' default, if the jury should find that any such default occurred. This prayer was based on one considered in *Baltimore v. Kinlein,* 118 Md. 341. The form of the instruction was not given unqualified approval in that case, but was held to sufficiently present the somewhat different issue there involved. In the present case the burden of proof instruction, granted at the defendant's request, supplements the plaintiff's granted prayer to such an extent as to justify the conclusion that the issue was fairly submitted for the jury's decision.

The building contracted for was not finished within the period of ninety days stipulated for its completion. The delay in the work of the original contractors was attributed by them to the defendant's failure to make payments in proper time and amount and to the construction changes ordered. It was proposed by the defendant to testify as to what storage business had been offered him for the new garage building at the period when, as he claims, it should have been ready for use. The admissibility of such testimony is urged on the theory that the storage income derivable from the proffered business would indicate the rental value by which loss from the delay might have been measured. No proffer was made to support that theory by proof sufficiently definite and complete to enable us to hold that the objection was erroneously sustained. *Winslow Elevator Co. v. Hoffman,* 107 Md. 621; *United Surety Co. v. Summers,* 110 Md. 95; *Abbott v. Gatch,* 13 Md. 314.

In our examination of the rulings questioned by the other exceptions we have found no error which requires that the case be remanded for another trial.

*Judgment affirmed, with costs.*