ELIZABETH MONN AND OTHERS v. JOHN WEIVODA.[1]

June 19, 1925.

No. 24,584.

**Verdict for defendant sustained.**

1. Whether plaintiffs' claim against defendant for damages for trespass had been settled and released was a question of fact for the jury and the evidence warranted a finding in plaintiffs' favor on that issue.

**Appellant cannot complain of charge too favorable to him.**

2. Defendant cannot complain of an instruction which, under the evidence, was too favorable to him.

**Waiver of right to question ambiguity in charge.**

3. By failing to call the court's attention to an ambiguity in an instruction relative to a credit which might be given to the defendant if the parties did not understand the scope of the settlement they had made, the defendant waived the right to question the instruction.

1. See Compromise and Settlement, 12 C. J. p. 366, § 81; p. 367, § 82.
2. See Appeal and Error, 4 C. J. p. 918, § 2890.
3. See Appeal and Error, 3 C. J. p. 847, § 753.

[1]Reported in 204 N. W. 466.

Action in the district court for Stearns county. The case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiffs. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Peter Ahles,* for appellant.

*Paul Ahles,* for respondents.

LEES, C.

Action for trespass for cutting and removing timber. Plaintiffs recovered a verdict and defendant appeals from an order denying his motion for a new trial.

The trespass was proved conclusively. It was committed on land of the plaintiffs which adjoined the land of the defendant. The cutting was done by men to whom defendant sold the timber.

The principal controversy relates to an alleged settlement of plaintiffs' claim for damages. The evidence shows that in September, 1918, defendant sold some rye to Elizabeth Monn, the mother of the other plaintiffs. She did not pay for it and defendant brought suit against her to recover $47.65, which he claimed as the purchase price of the rye. Mrs. Monn denied that she owed more than $31.35 and paid defendant that amount before the case came to trial. At the trial of the present action defendant testified that the difference between the amount he claimed for the rye and the amount Mrs. Monn paid was agreed upon as the damage plaintiffs had sustained by reason of the trespass and that, by reducing his claim some $16, he satisfied the claim now asserted against him. On the other hand, Mrs. Monn insists that, although there was some talk about the trespass, her claim for damages was not included in the settlement and that defendant accepted $31.35 as payment in full for the rye. The evidence made the issue as to the scope of the alleged settlement one for the determination of the jury and warranted a finding in plaintiffs' favor.

The court instructed the jury as follows:

"He (defendant) claims, however, when he permitted these men (Mertz and Hoffman) to cut timber there, he told them they must find the line themselves, and that he didn't know just where it was."

This statement was not warranted by the evidence, which tended to show that two other men had cut timber over the line; that Mrs. Monn had immediately notified defendant of that fact, and that nevertheless defendant permitted Mertz and Hoffman to go on with the cutting without pointing out the boundary line to them and without telling them to find it for themselves. The instruction complained of could not have prejudiced defendant; on the contrary, it was too favorable to him, hence he has no ground for complaint. Staley v. Theo. Hamm B. Co. 142 Minn. 399, 405, 172 N. W. 491.

The following instruction is also attacked:

"If these two parties did get together and did agree that $15.00 or $19.00 would settle this thing (the damage caused by the trespass), and that it should go for the rye, why that ends it, and it is not for us to try that over again. If, however, you do not believe that there was a settlement understandingly entered into, one that should settle this thing and bind them, then you can only allow $19 credit."

No exception was taken when the instruction was given nor was the court's attention called to any inadvertence or misleading element in it.

Under the evidence the jury might properly conclude that when the rye case was settled defendant thought that, by reducing his claim, he satisfied the plaintiffs' claim against him, and that Mrs. Monn thought that the reduction was made solely because defendant preferred to accept her offer and not go to trial. If the jury so found, the parties never "understandingly" arrived at a settlement in which the damage caused by the trespass was included. In other words, there may have been a mutual mistake which resulted in the acceptance by defendant of a smaller sum than he might have accepted had he known that plaintiffs' claim against him was not discharged. If so, there was no settlement in fact of plaintiffs' claim for damages and defendant had a possible offset which, under the instructions, the jury might take into consideration in awarding damages. The language of the instruction is ambiguous, but defendant did not ask the court to clarify it. It seems to us that the

instruction gave him the benefit of the possible allowance of a doubtful credit, so that in any event he was not prejudiced.

Order affirmed.