HARLEY STARK v. JOHN MAGNUSON.[1]

March 6, 1942.

No. 33,075.

*Christian G. Dosland,* for appellant.
*Henry C. Stiening,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Action to recover the reasonable value of services rendered in keeping and pasturing cattle. The jury returned a verdict for plaintiff for $481.80, and defendant appeals from the order denying his motion for a new trial.

Plaintiff was a tenant on defendant's farm in Clay county, Minnesota. In August 1938 defendant proposed buying some steers to fatten for market. According to plaintiff's testimony, defendant agreed to buy the steers and furnish free pasture, plaintiff to feed them through the winter. They were to be "sold off of the grass" the next fall. Plaintiff's compensation for his work in

[1]Reported in 2 N. W. (2d) 814.

keeping them was to be one-half of what the cattle brought on the market after deducting their original weight.

Twenty steers were brought to the farm by defendant in August and September 1938. They then weighed on the average a little less than 400 pounds.

Twice in the fall of 1939 plaintiff mentioned selling the steers, but defendant advised waiting, and so plaintiff continued caring for them. Again, in October 1940, plaintiff brought up the subject of selling the steers, and he testified that defendant replied: "Hell, what little you have in the steers don't amount to anything. * * * They are my steers, and I will sell them when I please." Examined by his own counsel, defendant testified that he wanted possession of the steers to prepare them for market and that when they were marketed he did not intend to pay plaintiff his share of the price.

Plaintiff testified that the reasonable value of his labor in keeping and caring for the cattle was two dollars a day. It was estimated that in October 1940 the steers averaged between 950 and 1,000 pounds in weight, and that they would bring somewhere between seven and eight and one-half cents per pound on the market. According to defendant's testimony on cross-examination, if the steers had been sold then, plaintiff's share of the price would have been about $450.

The court charged the jury that plaintiff "has elected to treat the contract as rescinded, as he had a right to do if you find that defendant breached it, and to recover the reasonable value of the services rendered." The court also charged that ordinarily "the rights of contracting parties are measured by the terms of their contract," and "generally speaking the measure of damages for a refusal to comply therewith is the value of that which was to have been received, but when the medium is such that its value cannot be definitely ascertained its value may be considered equivalent to that of the services in question, and in such case recovery may be had for the value of that service." The court then instructed the jury to determine whether the value of that

which plaintiff was to receive under the contract as compensation for keeping the cattle could be definitely ascertained. The measure of recovery embodied in this charge is assigned by defendant as error.

As supporting the instruction, counsel for plaintiff relies upon the case of Brown v. St. P. M. & M. Ry. Co. 36 Minn. 236, 237, 31 N. W. 941, 942. In that case plaintiffs, who had rendered services as attorneys for defendant railroad company under a special contract by which they were to receive an annual pass over defendant's lines, brought an action to recover the reasonable value of their services. This court held that although ordinarily the measure of damages for breach of contract is the value of that which was to have been received, yet, since the value of the pass could not be determined, it was correct to "measure the recovery for the breach of the contract by the value of the services." See also McCormick, Damages, § 142, p. 583. The court continued: "While technically the action should be upon the special contract, yet, as the recovery is in effect allowed upon the *quantum meruit,* no prejudice can have resulted from the form of the complaint, and the order refusing a new trial should be affirmed." It thus appears that the court regarded the action as one brought upon the contract and that it discussed in that opinion the proper measure of damages to be applied to a case in which, because of its own peculiar facts, the usual rules of damages could not be applied. Because of the court's view of the theory of that case, it is not applicable here, where plaintiff rescinds and sues, not on the contract, but for the reasonable value of his services.

Where one party repudiates or breaches a substantial part of his contract, the other may choose to rescind and recover in quasi contract the value of his performance. Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422; Karbach v. Grant, 131 Minn. 269, 154 N. W. 1071; see Reynolds v. Franklin, 41 Minn. 279, 43 N. W. 53. The theory of recovery is not compensation, as in the case of a suit for breach of contract, but restitution. Plaintiff is to be restored as nearly as possible to his position before he made the contract, and

defendant is not allowed to prevent this by setting up in defense a contract which he himself has seen fit to repudiate or breach. Restatement, Contracts, § 347; 5 Williston, Contracts (Rev. ed.) § 1338. No question is presented here as to the measure of recovery if plaintiff had completely performed his side of the bargain before repudiation or breach by defendant. *Cf.* Restatement, Contracts, § 350; 5 Williston, Contracts (Rev. ed.) § 1459; United States Potash Co. v. McNutt (10 Cir.) 70 F. (2d) 126; but *cf.* Woodward, Law of Quasi Contracts, § 262, pp. 414, 415. Consequently, upon defendant's breach or repudiation, plaintiff was entitled to stop his performance (here plaintiff kept the cattle under a statutory lien), treat the contract as at an end, and sue for the reasonable value of his services. Robson v. Bohn, 27 Minn. 333, 7 N. W. 357; Peet v. City of East Grand Forks, 101 Minn. 518, 112 N. W. 1003; Hipple v. Mason, 147 Md. 94, 127 A. 383.

Although the instructions on this were erroneous, they were more favorable to defendant than, under the law, they should have been, and hence he is in no position to complain. George E. Lennon, Inc. v. McDermott, 136 Minn. 30, 161 N. W. 211; Monn v. Weivoda, 163 Minn. 473, 204 N. W. 466; Staley v. Theo. Hamm Brg. Co. 142 Minn. 399, 172 N. W. 491. The testimony shows that the reasonable value of plaintiff's services was considerably more than his share of what the cattle would have brought had they been sold in the fall of 1940. Consequently, to limit plaintiff's right to recover the reasonable value of his services by a requirement that the jury first find that the value of what he was to receive under the contract could not be definitely ascertained was, under the circumstances of this case, not prejudicial to defendant.

Order affirmed.