ALFRED DALE v. G. J. FILLENWORTH
AND ANOTHER.

162 N. W. (2d) 234.

November 1, 1968—No. 41019.

*Berens, Rodenberg & O'Connor,* for appellants.
*Arthur F. Blaufuss,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

ROGOSHESKE, JUSTICE.

Plaintiff rented a 320-acre farm in Lyon County for the 1948 crop year on a sharecrop basis under a written lease from the owner, Dr. Frank D. Gray. In preparation for the 1948 crop, plaintiff fertilized and plowed the land the previous fall. He continued his rental of this farm from Dr. Gray until the latter's death in March 1961, pursuant to a written lease in some years and by oral agreement in others. The last written lease was executed in the fall of 1958 for the farming season beginning March 1, 1959. It expressly provided:

"Nothing herein shall by fact or implication extend this contract beyond next March 1st of 1960 unless agreement providing such extension be hereafter made in writing."

When Dr. Gray died, his daughter, defendant Elizabeth Fillenworth, inherited the farm, and his son-in-law, defendant G. J. Fillenworth, became the attorney for his estate. Shortly after Dr. Gray's death, defendant G. J. Fillenworth visited the farm and talked with plaintiff. Following this conversation, plaintiff remained in possession and continued to farm the land "the same as always." After harvesting the 1961 crop, in late August and during September plaintiff plowed the crop land, spread manure on it, bought and spread "chemical" fertilizer in preparation for the 1962 crop year, and purchased seed and seeded land held under the Federal "idle acres" program—all allegedly in reliance upon an oral agreement resulting from the conversation in the spring of 1961.

In October 1961, plaintiff received a letter from defendant G. J. Fillenworth on behalf of the estate stating that the farm would no longer be rented on a crop-sharing basis and that plaintiff's tenancy would therefore

terminate on March 1, 1962, unless plaintiff signed a cash-rental lease for the 1962 crop year. Since the terms of this cash-rental lease were unacceptable to plaintiff, he did not sign it or return it to defendants. He left the farm near the end of February 1962.

Plaintiff billed defendants for the plowing, spreading, fertilizer, and seed. Upon their failure to pay, he brought this suit for the reasonable value of his labor and materials. The trial court, based on the evidence and the jury's answers to special interrogatories, awarded plaintiff $1,726 in damages. Defendants appeal.

The complaint indicates that plaintiff's claim was based upon the theory that he was holding over under the terms of the last written lease from Dr. Gray. However, during trial, plaintiff's evidence was directed to prove that he and defendant G. J. Fillenworth, acting for and on behalf of his wife, had entered into an oral lease for the 1962 crop year resulting from their conversation in the spring of 1961. The trial court, without objection, submitted to the jury the critical question of whether or not there was an oral lease and, if so, questions concerning the value of the work and materials furnished. The jury found that there was an oral lease. Clearly, there is sufficient evidence to sustain this finding in spite of defendants' denial of any such agreement. Upon these findings, the court presumably concluded that defendants' action in asking plaintiff to leave the farm unless he would agree to a new lease on a cash-rental basis constituted an anticipatory breach of this oral lease entitling plaintiff to compensation.

There is ample authority for the proposition that a breach of an executory contract gives the nonbreaching party the right either to sue for damages resulting from the breach or to rescind the contract and sue upon quantum meruit for the reasonable value of services performed pursuant to the contract. Jenson v. Lee, 67 Kan. 539, 73 P. 72. See, Palmer v. Watson Const. Co. 265 Minn. 195, 121 N. W. (2d) 62; Stark v. Magnuson, 212 Minn. 167, 2 N. W. (2d) 814; Reynolds v. Franklin, 41 Minn. 279, 43 N. W. 53; Marcotte v. Beaupre, 15 Minn. 117 (152). It makes no difference that the breach was anticipatory. Slaughter v. Barnett, 114 Fla. 352, 154 So. 134, 102 A. L. R. 1073. In this case, however, plaintiff may have been precluded from recovering damages for breach of

contract because the oral lease is within the statute of frauds [1] and unenforceable. Biddle v. Whitmore, 134 Minn. 68, 158 N. W. 808.

It is clear, however, that in this state a suit for the reasonable value of the services and materials furnished is permitted even though the contract pursuant to which the work was done is unenforceable under the statute of frauds. Schultz v. Thompson, 156 Minn. 357, 194 N. W. 884.

There is ample evidence in the record to support plaintiff's recovery on this theory. He performed valuable services and furnished valuable materials in reliance upon an oral agreement which he assumed in good faith to be valid and which failed through no fault of his. While this lease may be unenforceable under the statute of frauds, the owner of the farm has benefited from these services and materials and should not, in all fairness, be permitted to retain the benefits at plaintiff's expense.

Defendants, however, claim that plaintiff was obligated to perform these services, at least with respect to fall plowing and manure spreading, in accordance with the specific terms of the last written lease between plaintiff and Dr. Gray. Accordingly, defendants objected to all testimony relating to the terms of any oral agreement which "altered" or "varied" the terms of that written agreement. These objections were, however, properly overruled since, as previously noted, this lease expired by its express terms on March 1, 1960, unless extended in writing. The jury could, and did, reject defendants' contention that plaintiff was holding under any written lease or that he was obligated to plow and prepare the land for the 1962 crop year.

It is undisputed that plaintiff had plowed and prepared the land in the fall of 1947 before he took possession under the first lease. There is undisputed testimony in the record to the effect that it is not the custom in the area to require a lessee to prepare the land in the fall if there had been no fall plowing when he took possession.

In addition, the letter of October 1961 giving notice to plaintiff of the termination of his lease contained the following language:

"* * * In accordance with the usual practice of such case and in accordance with the lease you have with Dr. Gray, you will permit the

---

[1] Minn. St. 513.04.

new tenant to come upon the land and to allow him to plow and prepare the land for the 1962 season."

Thus, it appears that defendant-owner's husband, himself, did not at that time claim that it was plaintiff's responsibility under the lease then existing to plow and prepare the land for the next crop year.

Upon the evidence and the theory upon which the case was tried and submitted, the decision by the trial court must be affirmed.

Affirmed.